E-FILED
Thursday, 07 April, 2016  04:07:10 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID L. BIELFELDT and KAREN WALES,<br>    Plaintiffs,<br><br>v.<br><br>JAMES BOURAZAK, LEE GRAVES, and ELM ONE CALL LOCATORS, INC.,<br>    Defendants. | Case No. 1:15-cv-01419-JEH |

## Order

Now before the Court are the Plaintiffs' Motion to Strike Defendants' Affirmative Defenses (Doc. 32) and their Motion to Dismiss Counterclaims (Doc. 34). For the reasons stated below, the Plaintiffs' Motion to Strike is GRANTED IN PART AND DENIED IN PART and their Motion to Dismiss is DENIED.

**I**

This case was originally filed on October 6, 2015. On October 9, 2015, the Plaintiffs, David L. Bielfeldt and Karen Wales, filed their Amended Complaint against Defendants James Bourazak, Lee Graves, and ELM One Call Locators, Inc. (ELM) that included a count for federal securities fraud, a count for Illinois securities fraud, a count for breach of fiduciary duties, a count for mandamus, a count for breach of contract, a count for unjust enrichment, a count for fraud, a count for conspiracy to commit fraud, and a count for RICO violations. The Plaintiffs allege in their Amended Complaint that Defendants Graves and Bourazak "worked together to violate corporate governing documents, commit federal and state securities fraud, commit common law fraud, breach their

1

fiduciary duties, and otherwise purposefully act[ed] without regard to the rights of others and rules they [had] agreed to. In doing so, they [dragged] ELM down with them. The purpose of their behavior, as it [had] been in the past, [was] to unlawfully concentrate ownership of ELM with Mr. Graves at the expense of other shareholders," those other shareholders being Plaintiffs Bielfeldt and Wales. *See* (Doc. 6 at pg. 1). On January 21, 2016 Defendant ELM filed its Answer, Affirmative Defenses, and a Counterclaim seeking a declaratory judgment that Defendant Graves "followed the Operating Agreement in valuating the Plaintiffs' shares and in taking steps to acquire those shares."[1] *See* (Doc. 24 at pg. 21).

On January 22, 2016, Defendants Graves and Bourazak filed their Answer, Affirmative Defenses, and Counterclaims. For their first counterclaim, Graves and Bourazak joined in Defendant ELM's counterclaim for declaratory judgment (Counterclaim). They also brought counterclaims for breach of fiduciary duties and for tortious interference with prospective advantage. With regard to the affirmative defenses the Defendants alleged, ELM listed ten affirmative defenses in this order: failure to state a claim, assumption of risk, mutual mistake, failure to mitigate, apportionment, comparative fault, equitable estoppel, condition precedent, waiver, and release. Defendants Graves and Bourazak listed ten affirmative defenses in the following order: ratification, assumption of risk, mutual mistake, failure to mitigate, apportionment, comparative fault, equitable estoppel, condition precedent, waiver, and release.[2]

---

[1] The "Operating Agreement" is the ELM ONE CALL LOCATORS, INC. CLASS A STOCK RESTRICTION AGREEMENT entered into by and among Defendant ELM, Defendants Graves and Bielfeldt, and any other owners of Class A Stock who executed that Agreement or a counterpart thereof. *See* (Doc. 24-1 at pg. 1).

[2] The Defendants did more than identify their affirmative defenses as the Court has done, but the Court will not repeat the entirety of the allegations of the affirmative defenses herein unless necessary to its discussion.

The parties participated in a settlement conference with Magistrate Judge Tom Schanzle-Haskins on February 26, 2016 and when this matter did not settle, it was set for a Rule 16 Scheduling Conference on March 18, 2016. On March 7, 2016, the Plaintiffs filed their Motion to Strike Defendants' Affirmative Defenses (Doc. 32) and their Motion to Dismiss Counterclaims (Doc. 34). The Rule 16 Scheduling Conference was held on March 18th and discovery deadlines, dispositive motion deadlines, final pretrial, and trial were set at that time. The Defendants filed their Responses to the Plaintiffs' Motions on March 22, 2016, along with a Notice (Doc. 38) requesting judicial notice of prior litigation between the parties where a declaratory judgment action was filed by Defendant Graves to confirm that specific acts related to the valuation of the Plaintiffs' interest in ELM were compliant with the Operating Agreement. The Notice indicated that the earlier action, filed in state court, has been stayed.[3] The Plaintiffs' Motions will be addressed below in the order they were filed.

## II

In their Motion to Strike, the Plaintiffs argue that Defendants Graves's and Bourazak's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Affirmative Defenses contain only "bare bones" allegations that would not satisfy pre-*Twombly/Iqbal* pleading standards[4] as they fail to provide adequate notice to Plaintiffs of the nature of Defendants' defenses. For those same reasons, the Plaintiffs argue that Defendant ELM's First, Third, Fourth, Fifth, Sixth,

---

[3] The exhibit attached to the Notice requesting judicial notice indicates that pursuant to an agreed order entered on December 29, 2015, the state court proceedings are continued until December 20, 2016 for status. (Doc. 38-2 at pg. 2).

[4] *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), held that Federal Rule of Civil Procedure 8(a) requires a short and plain statement that gives the defendant fair notice of what the claim is and the grounds upon which it rests and that raises a right to relief above the speculative level. *Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)*, reiterated *Twombly's* discussion that a pleader must offer more than labels and conclusions or a "formulaic recitation" of the elements of a cause of action.

3

Seventh, Ninth, and Tenth Affirmative Defenses must be stricken as well.[5]  The Defendants counter that all ten of their Affirmative Defenses are sufficient under Federal Rule of Civil Procedure 8(a) because they put the Plaintiffs on notice of the reasons why Defendants believe that the Amended Complaint fails to state a claim and the Defendants have otherwise pled sufficient facts to support each defense.

In their briefs on the Motion to Strike, both the Plaintiffs and the Defendants acknowledge that motions to strike affirmative defenses are not favored.  *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (stating that motions to strike are not favored and "will not be granted unless is appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense" and "are inferable from the pleadings") (collecting cases); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (explaining that motions to strike are disfavored because they potentially serve only to delay).  The Plaintiffs also acknowledge that the Seventh Circuit Court of Appeals has not yet decided whether the heightened *Twombly/Iqbal* standard of "plausibility" applies to all Rule 8 pleadings, specifically affirmative defenses.  Instead, Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense.  *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (answering the question of what the Federal Rules of Civil Procedure required of a claimant before *Twombly* and *Iqbal*).

---

[5] The Plaintiffs' Motion to Strike states that they "move this Court to strike Defendant Elm One Call Locators, Inc.'s Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses."  (Doc. 32 at pg. 1).  However, the Memorandum in support of the Motion to Strike takes issue with *all* of Defendant ELM's Affirmative Defenses.  The Court will address the arguments made regarding the Defendants' Affirmative Defenses as set forth in the Plaintiffs' Memorandum (Doc. 33).

Here, the Plaintiffs would seek to delay this case by bringing a challenge to all of Defendant ELM's Affirmative Defenses and all but one of Defendants Graves's and Bourazak's Affirmative Defenses. The Plaintiffs filed their Motion to Strike before the Rule 16 Scheduling Conference was held in this case. Discovery does not even close in this case until April 15, 2017. Therefore, while the Court is not entirely unsympathetic to the Plaintiffs' request to strike the Affirmative Defenses, the Court is satisfied that the Plaintiffs have been provided fair notice of those defenses and an ample amount of time in which to conduct discovery on those defenses along with all the other issues in this case. Indeed, the case's progression through discovery will flush out the Affirmative Defenses and may make the dispute over them moot.

However, ELM's First Affirmative Defense of failure to state a claim does not provide the requisite fair notice and, as currently stated would force the Plaintiffs, as they argue, to litigate "in the dark." *Two counts* of the Plaintiffs' Amended Complaint are directed to ELM, yet ELM's First Affirmative Defense states that the *cause of action* alleged therein directed to [ELM] fails to state a claim upon which relief can be granted." (Doc. 24 at pg. 8) (emphasis added). It is unclear which count of the Amended Complaint against ELM is the one ELM seeks to challenge via its First Affirmative Defense. While ELM goes into more detail about its First Affirmative Defense in its Opposition to the Motion to Strike, that detail is in the wrong place. Accordingly, the Motion to Strike is granted as to Defendant ELM's First Affirmative Defense. The Court grants ELM leave to amend its First Affirmative Defense in conformity with this Order. The Motion to Strike is denied in all other respects.

### III

In their Motion to Dismiss, the Plaintiffs argue that Defendant ELM's Counterclaim for declaratory judgment, which has been adopted by Defendants

Bourazak and Graves, is simply a mirror image of the claims brought by the Plaintiffs in their Amended Complaint. The Plaintiffs contend that the Defendants' declaratory judgment counts use or adopt 88 paragraphs of a different version of the same story, and thus are duplicative of the Plaintiffs' claims and serve no useful purpose in this action. The Defendants dispute the alleged redundancy of their Counterclaim. The crux of the Defendants' opposition to the Plaintiffs' Motion to Dismiss is that their Counterclaim for declaratory judgment is not limited to the issuance of stock (as the Plaintiffs' Amended Complaint allegedly is), but rather seeks the Court's issuance of a declaratory judgment that Defendant Graves acted in accordance with the Operating Agreement in valuating the Plaintiffs' interest in ELM.

As an initial matter, the Court takes judicial notice of the prior litigation between the parties that was filed in the Circuit Court of the 10th Judicial Circuit, Peoria County, *Lee C. Graves and ELM One Call Locators, Inc. v. David L. Bielfeldt*, case no. 15 MR 569 (filed Sept. 3, 2015). "A court may take judicial notice of an adjudicative fact that is both not subject to reasonable dispute and either: 1) is generally known within the territorial jurisdiction of the trial court; or 2) is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997), *citing* FED. R. EVID. 201(b). Judicial notice is most frequently used in noticing contents of court records. *Id.* (internal citation omitted). "[F]ederal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983).

Federal courts have discretion to decline to hear a declaratory judgment action. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 746-47 (7th

Cir. 1987). "[I]f the declaratory judgment will clarify and settle the legal relations at issue and afford parties relief from insecurity and uncertainty, the declaratory judgment action is usually heard." *Intervisual Communications, Inc. v. Volkert*, 975 F. Supp. 1092, 1099 (N.D. Ill. 1997), *citing Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994).  However, courts often decline to hear a declaratory judgment counterclaim where such a counterclaim is found to be redundant of the substantive claims raised by the plaintiff.  *See Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 221838, at *5 (N.D. Ill. Jan. 24, 2011) (striking the defendant's declaratory judgment counterclaim because, among other things, redundant); *Cincinnati Specialty, Underwriters Ins. Co. v. DMH Holdings, LLC*, 2013 WL 683493, at *4 (N.D. Ind. Feb. 22, 2013) (nothing that a counterclaim for declaratory judgment may be stricken as redundant when the counterclaim restates the issues already before the court by virtue of the complaint).

Here, on the face of the pleadings, the Counterclaim appears to raise similar facts and legal issues raised by the Plaintiffs' Amended Complaint.  Yet the Plaintiffs illustrate their point that the Defendants' counterclaims "mirror" the Plaintiffs' Amended Complaint in rather broad strokes, whereas the Defendants more particularly identify instances in the pleadings which, they say, disprove the Plaintiffs' assertions that the counterclaims are redundant, mirror images, and do not otherwise serve a useful purpose.  The Plaintiffs' argument to dismiss the Defendants' counterclaims is well taken, but ultimately, it will not prevail in this instance.  As the Court pointed out with respect to the Motion to Strike, it is early enough in this case that the declaratory judgment Counterclaim may proceed to discovery where it will be flushed out between the parties.  Because the allegations and issues are so similar, the Plaintiffs cannot be heard to say that discovery on both the Plaintiffs' claims and the Defendants'

7

Counterclaim will muddy the waters or raise the costs of litigation so exponentially as to be prejudicial. There is too much risk involved to dismiss the Counterclaim at this stage for the reasons discussed above, and where important questions are unanswered by both parties. Those questions include whether inconsistent judgments may result. With regard to the latter question, neither party addressed what impact, if any, the fact that there remains a declaratory judgment action pending in state court (albeit stayed for the time being by agreement of the parties) has on the question of whether to dismiss the Counterclaim in *this* case. The Plaintiffs' Motion to Dismiss is therefore denied.

## IV

For the reasons set forth above, the Plaintiffs' Motion to Strike Defendants' Affirmative Defenses ([Doc. 32](#)) is GRANTED IN PART AND DENIED IN PART. The Motion is granted to the extent that Defendant ELM's First Affirmative Defense of failure to state a claim is stricken with leave to amend in conformity with this Order. The Motion is denied in all other respects. The Plaintiffs' Motion to Dismiss Counterclaims ([Doc. 34](#)) is DENIED.

*It is so ordered.*

Entered on April 7, 2016.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE