IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID L. BIELFELDT, et al.,<br>    Plaintiffs,<br><br>v.<br><br>LEE C. GRAVES, et al.<br>    Defendants. | Case No. 1:15-cv-01419-JEH |

**Order**

Now before the Court is Defendant Elm One Call Locators, Inc.'s Motion to Dismiss the Eleventh Cause of Action in the Second Amended Complaint filed pursuant to Federal Rule 12(b)(6) (Doc. 48)[1] and the Defendants Bourazak's and Graves's Motion to Dismiss Counts I-VIII and X of the Second Amended Complaint and for More Definite Statement filed pursuant to Federal Rule 12(e) and 12(b)(6) (Doc. 49)[2], the Plaintiffs' Responses thereto, and the Reply in support of the Motion to Dismiss the Eleventh Cause of Action (Doc. 59).  For the reasons set forth below, the Motion to Dismiss Counts I-VIII and X and for More Definite Statement is DENIED.  The Motion to Dismiss the Eleventh Cause of Action in the Second Amended Complaint is GRANTED IN PART and DENIED IN PART.

---

[1] Defendant Bourazak and Graves joined Defendant Elm One Call Locators, Inc.'s Motion to Dismiss as their responsive pleading pursuant to Federal Rule of Civil Procedure 12 the Motion to Dismiss directed to Count XI.  See (Doc. 54).

[2] Defendant Elm One Call Locators, Inc. joined Defendants Bourazak's and Graves's Motion to Dismiss as its responsive pleading pursuant to Federal Rule of Civil Procedure 12 those portions of their Motion to Dismiss directed to Counts IV and V of the Second Amended Complaint (those in which Elm One was named as a Defendant).  See (Doc. 51).

1

I

On October 6, 2015, Plaintiffs David L. Bielfeldt and Karen Wales filed their Complaint as individuals and on behalf of Elm One Call Locators, Inc. against Defendants James Bourazak, Lee Graves, and Elm One Call Locators, Inc. (Elm One).  The Plaintiffs alleged that they brought their actions against Defendants Graves and Bourazak seeking, among other things, actual damages, punitive damages, treble damages, disgorgement and attorney's fees and costs, and they brought their actions against Elm One seeking to have it act according to its governing documents and contracts, undo actions taken by the Defendants, and otherwise allow for a reasonable running of the company.  The Plaintiffs thereafter filed their first Amended Complaint on October 9, 2015 simply curing diversity jurisdiction allegations identified by the Court in a previous order but otherwise making no substantive changes.  On March 18, 2016, the Court held a Rule 16 Scheduling Conference with the parties and set the deadline to amend pleadings/join parties to May 18, 2016. On May 18, 2016, the Plaintiffs filed their Second Amended Complaint (Doc. 46) against the original Defendants which included the following 11 counts:  Count I Federal Securities Law; Count II Illinois Securities Law; Count III Breach of Fiduciary Duties; Count IV Mandamus; Count V Breach of Contract; Count VI Unjust Enrichment; Count VII Fraud; Count VIII Conspiracy to Commit Fraud; Count IX RICO; Count X Conversion; and Count XI Legal Malpractice.

On May 26, 2016, Defendant Elm One filed its Motion to Dismiss the Eleventh Count of the Second Amended Complaint, in which Defendants Bourazak and Graves joined on June 10, 2016.  Defendants Bourazak and Graves filed their Motion to Dismiss and for More Definite Statement on June 7, 2016, and Defendant Elm One joined in their Motion that same day.

II

A Complaint must contain "a short and plain statement of a claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to survive a motion to dismiss, a complaint must contain enough factual matter that if accepted as true would state a claim to relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. In other words, "[T]he Plaintiff must allege 'more than a sheer possibility that a defendant has acted unlawfully.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012), *quoting Iqbal*, 556 U.S. at 678.

A

First, the Defendants' Motion to Dismiss Counts I-VIII and X is denied. The Court has carefully reviewed the Plaintiff's Second Amended Complaint, the Defendants' Motion to Dismiss Counts I-VIII and X, the Defendants' Memorandum in Support of Motion to Dismiss Counts I-VIII and X of the Second Amended Complaint with attached exhibits (Doc. 50), and the Plaintiffs' Response in Opposition and attached declaration (Doc. 60). In conducting this review, this Court has presumed the truth of the facts alleged in the Plaintiffs' Second Amended Complaint and has drawn all reasonable inferences in their favor. *See Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). After its careful and thorough review, this Court finds that the Plaintiffs' Second Amended Complaint contains "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

The Defendants' additional request for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is denied as well. Insofar as the Defendants argue that Counts I-VIII and X are not sufficiently definitive, they

could have made the same attack before (albeit not against Count X which was added to the Second Amended Complaint)[3] against the First Amended Complaint, but they did not. The Court will not allow a second bite at the apple where the Defendants could have made this challenge after the First Amended Complaint was filed. Indeed, as the Plaintiffs point out in their Response in Opposition to the Defendants' Motion to Dismiss Counts I-VIII and X, the Defendants already answered the allegations of the First Amended Complaint. The Defendants cannot, therefore, now contend that they are somehow unable to answer the Second Amended Complaint which is substantially similar to the prior-filed Complaints. Simply, the fact that the Defendants answered the First Amended Complaint makes clear that the allegations are sufficiently definite to answer.

B

The Defendants argue that the eleventh count of the Second Amended Complaint for legal malpractice brought against Defendant Graves and Graves Law Office, PC by the Plaintiffs individually and also as a derivative action on behalf of Elm One should be dismissed for a number of reasons. The Defendants argue: the Plaintiffs improperly filed their Second Amended Complaint without the Court's permission as required by Federal Rule of Civil Procedure 15; the required written demand prior to filing the claim for legal malpractice was not undertaken; the Plaintiffs did not sufficiently allege the necessary elements of a malpractice cause of action; the referenced activities set out in Count XI are expressly barred by the statute of limitations; and the legal malpractice claim is duplicative of the claims alleged in the First Amended Complaint and the Plaintiffs' Affirmative Defenses. The Plaintiffs counter: Defendant Elm One lacks the right to defend and intervene in the legal malpractice claim; the Court

---

[3] Still, the Defendants' argument in support of its motion for a more definite statement in Count X is identical to its argument in support of its motion for a more definite statement in Counts I-VIII.

permitted amendment of the complaint "as of right" up until May 18, 2016; the Plaintiffs have adequately pled necessary facts showing their legal capacity to sue Defendant Graves and Graves Law Office, PC; the claims for breach of fiduciary duty and legal malpractice are distinct causes of action under Illinois law; and the statute of repose permits the malpractice claim to go forward. In their Reply, the Defendants reiterate that the Plaintiffs did not sufficiently allege in their individual capacities the elements of a legal malpractice action against Graves and that they did not sufficiently allege the elements of a legal malpractice derivative action against Graves Law, and the Plaintiffs have not pled why the statute of limitations is not controlling.

**1**

Initially, the Plaintiffs properly filed their Second Amended Complaint without permission by the May 18, 2016 deadline the Court provided at the Rule 16 Scheduling Conference. Indeed, the Court explained that the parties could file amended pleadings and add parties "as of right" before the given deadline. Also, the Defendants' argument that the Plaintiffs failed to make a written demand prior to filing the claim for legal malpractice is too little too late. First, their argument in that regard in their Motion to Dismiss is perfunctory. *See Miller UK Ltd. v. Caterpillar, Inc.*, 292 F.R.D. 590, 591 (N.D. Ill. 2013) (referencing the "familiar principle that skeletal, perfunctory, or unsupported arguments are waived"), *citing Williams v. Dieball*, 724 F.3d 957, 961-62 (7th Cir. 2013). Second, the Plaintiffs brought derivative claims in their original Complaint and their First Amended Complaint, and the Defendants did not raise any objection at those earlier times that the Plaintiffs failed to make written demand. Lastly, the Court does not find it problematic that Defendant Elm One brought the Motion to Dismiss the legal malpractice claim where Defendants Graves and Bourazak individually joined in the Motion. Neither party cited any cases which definitively provide one way or

the other that a motion to dismiss a claim for legal malpractice allegedly committed by a corporation's counsel may be brought by the corporation's counsel defending in the current litigation. It is a fairly common practice in federal court that parties join other parties' dispositive motions such as was done here. Thus, even assuming Elm One did not have standing to bring the Motion to Dismiss Count XI, the Court will proceed to consider the Motion's merits where it was also brought by Defendant Graves himself.

### 2

To state a claim for legal malpractice under Illinois law, a plaintiff must show: 1) the defendant attorney owed the plaintiff client a duty of care arising from an attorney-client relationship; 2) the attorney breached that duty; 3) the client suffered an injury in the form of actual damages; and 4) the actual damages resulted as a proximate cause of the breach. *Fox v. Seiden*, 887 N.E. 2d 736, 742 (Ill. App. 2008).

After considering the four factors set forth above, the Plaintiffs' Second Amended Complaint does not sufficiently allege the first requisite element of their legal malpractice claim brought individually against Defendant Graves and Graves Law Office, PC. As for their claim in their individual capacities, the paragraphs of the Second Amended Complaint to which the Plaintiffs point (¶¶ 204, 206, 211, 212, 215) are little more than conclusory statements of the existence of an attorney-client relationship. All but one of those allegations are made upon "information and belief." Pleading upon information and belief is permissible "where pleadings concern matters peculiarly within the knowledge of the defendants." *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir.2005).

Here, the Plaintiffs' pleading as to this element amounts to insufficient conclusory allegations under *Twombly* and *Iqbal*. Whether the Plaintiffs in fact had an attorney-client relationship with Defendant Graves and Graves Law Office, PC

is not a matter peculiarly within the knowledge of those Defendants. In fact, the Plaintiffs' cited case of *Rubin and Norris, LLC v. Panzarella*, 51 N.E. 3d 879, 891 (Ill. App. 2016), provides that the "analysis focuses on the client's viewpoint rather than that of the attorney" as to whether an attorney-client relationship has formed. While the allegations pertaining to the remaining elements are sufficient, though just barely so, the Plaintiffs' entire malpractice claim fails at this time due to the identified deficiency as to the first element. The Defendants' Motion to Dismiss is granted as to the Plaintiffs' legal malpractice claim in their individual capacities.

The Plaintiffs *do* sufficiently allege a derivative claim for legal malpractice against Defendants Graves and Graves Law Office, PC at this time, though again just barely so. The allegation to which Plaintiffs point to defeat the Motion to Dismiss their derivative legal malpractice claim is Paragraph 225 of their Second Amended Complaint which states:

> This negligence damaged its parent company, ELM One Call Locators, Inc., and its owners, David Bielfeldt and Karen Wales in that ELM One Call Locators, Inc., upon information and belief, *may* not have received the full purchase price of the sale of certain contract as well as other damages.

([Doc. 46 at pg. 31](#)) (emphasis added). Were that the only allegation as to actual damages, the Plaintiffs' derivative claim would fail as well given that actual damages are absent where they are only speculative. *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 837 N.E. 2d 99, 107 (Ill. 2005). The Plaintiffs' later allegation in Paragraph 237 saves their derivative claim:

> During their representation of ELM One Call Locators, Inc., and the Plaintiffs, [sic] Lee Graves' and Graves Law Office, PC's negligence and conflicted representation caused damage in that additional taxes were levied on the Plaintiffs, [sic] *ELM One Call Locators, Inc. had to both pay for litigation and settlement of cases arising from their negligence*, [sic] *ELM One Call Locators, Inc. was denied sums of money it rightfully was owed under the USIC Asset Purchase Agreement*, and this very

litigation and its subject matter is the result of the negligent legal advice, or failure to provide legal advice, proffered by Lee Graves and Graves Law Office, PC.

(Doc. 46 at pgs. 32-33) (emphasis added).

*Stevens v. McGuire Woods LLP*, 43 N.E. 3d 923 (Ill. 2015) cited at length by the Defendants, only went so far as to emphasize the need to show actual damages to the individual plaintiff in order for a plaintiff to recover on a legal malpractice claim brought in the plaintiff's *individual capacity*. 43 N.E. 3d at 928-29. *Stevens* did not address the question of whether a derivative action for legal malpractice could proceed where the nominal plaintiffs alleged that the corporation itself suffered actual damages.

3

The Defendants also argue that the effective date of the statute of limitations here is May 18, 2014 in light of the fact that the Second Amended Complaint was filed on May 18, 2016. *See* 735 ILCS 5/13-214.3(b) ("An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services . . . must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought"). They argue that the uncertainty (as to dates) of Paragraphs 214[4] and 215[5] provides another basis for granting their Motion to Dismiss, and the reference to 2010 in Paragraph 219 means that any reference to the activities of Paragraph 219 are barred as well.

---

[4] "Mr. Bielfeldt relied on the representations of Lee Graves and Graves Law Office, PC regarding litigation matters while a Director of ELM One Call Locators, Inc."
[5] "Upon information and belief, Lee Graves and Graves Law Office, PC informed David Bielfeldt and Karen Wales that they were handling legal issues pertaining to Internal Revenue Service matters for both ELM One Call Locators, and Mr. Bielfeldt and Ms. Wales."

8

The Plaintiffs argue that Defendants ignore the statute of repose and because the oldest asserted malpractice is from less than six years ago and much of the representation is continuing, the Plaintiffs have fully alleged acts within the statute of repose that "were hidden from them and continuing acts within the statute of limitations." *See* 735 ILCS 5/13-214.3(c) ("Except as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred"). In their Reply, the Defendants argue that Plaintiffs sidestep the statute of limitations by relying upon the statute of repose, but as to the latter the Plaintiffs have not alleged specific facts to overcome the statute of limitations (including when Bielfeldt first knew or should have known of the injury for which damages are sought).

In arguing as they do, the Defendants completely disregard the fact that "[c]omplaints need not anticipate or attempt to defuse potential defenses." *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (explaining further that complaints "need not allege facts that tend to defeat affirmative defenses"). Certainly, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense[.]" *Id.* Here, Paragraphs 214 and 215 do not allege (nor the other allegations of Count XI) the ingredients of the statute of limitations defense because they are, as Defendants argue, lacking in certainty. As for Paragraph 219, the Plaintiffs merely alleged that, "Lee Graves and Graves Law Office, PC engaged in negotiations for the sale of certain contracts to USIC Locating Services, Inc., a competitor, in 2010." (Doc. 46 at pg. 31).

The Plaintiffs are correct that at the very least, their malpractice claim is not subject to dismissal where the statute of repose allows six years from the date on which an action or omission occurred to commence their action. No particular date in 2010 was alleged in Paragraph 219. A date *before* May 18, 2010 would have

9

had to been alleged for the Plaintiffs here to plead themselves out of court based upon the statute of repose. Additionally, the Plaintiffs did not allege facts revealing when they knew or should have known that Defendant Graves and Graves Law Office, PC's acts or omissions made during the 2010 sale negotiations caused them injury. Therefore, the Plaintiffs have also not pled themselves out of court based upon the statute of limitations. *See Trogi v. Diabri and Vicari, P.C.*, 839 N.E. 2d 553, 558 (Ill. App. 2005) (the time the injured party knows or reasonably should know that he has suffered an injury which was wrongfully caused is normally a question of fact but may be decided as a matter of law where the facts are undisputed and only one conclusion may be drawn from them). The Court does note, however, that the Plaintiffs seem to impermissibly rely in their Response to the Motion to Dismiss upon the fact that Defendant Graves's representation is continuing. *See Sorenson v. Law Offices of Theodore Poehlmann*, 764 N.E.2d 1227, 1231 (Ill. App. 2002) ("[W]e reiterate that the statute of repose runs from the time of the acts or omissions alleged to have caused injury; the fact that the attorney-client relationship endures thereafter does not affect the repose period").

**4**

Finally, the Defendants ask the Court to dismiss Count XI as duplicative of the claims alleged in the First Amended Complaint and the Plaintiffs' Affirmative Defenses. The Defendants further argue that the same operative facts underlie the Plaintiffs' actions for legal malpractice and breach of fiduciary duty and both result in the same alleged injury of "actual damages," so the actions should be deemed identical and the legal malpractice claim dismissed as duplicative. The Plaintiffs counter that claims may be pled in the alternative and in the instant case, they have pled two alternative and separate counts – one for breach of fiduciary duty and one for legal malpractice.

An action for legal malpractice is conceptually distinct from an action for breach of fiduciary duty. *Majumdar v. Lurie*, 653 N.E. 2d 915, 920 (Ill. App. 1995). "When . . . the same operative facts support actions for legal malpractice and breach of fiduciary resulting in the same injury to the client, the actions are identical and the later should be dismissed as duplicative." *Id.* at 921. Here, upon the face of the Second Amended Complaint, the facts alleged in support of the claims for breach of fiduciary duty and legal malpractice are sufficiently different to deny the motion to dismiss on this basis. Moreover, the Defendants cite no authority in support of their argument that the Plaintiffs' legal malpractice claim must be dismissed as duplicative of the Plaintiffs' Affirmative Defenses.

### III

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion to Dismiss the Eleventh Cause of Action in the Second Amended Complaint filed pursuant to Federal Rule 12(b)(6) (Doc. 48). The Motion to Dismiss the Eleventh Cause of Action is DENIED as to the Plaintiffs' derivative legal malpractice claim and is GRANTED as to their legal malpractice claim brought in their individual capacities. The Court DENIES the Defendants' Motion to Dismiss Counts I-VIII and X and for More Definite Statement (Doc. 49) in its entirety. The Court GRANTS the Plaintiffs leave to amend their complaint within 14 days consistent with this Order.

*It is so ordered.*

Entered on July 19, 2016.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE