**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| DAVID L. BIELFELDT and KAREN WALES, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES BOURAZAK, LEE GRAVES, ELM ONE CALL LOCATORS, INC., and GRAVES LAW OFFICE, PC <br><br> Defendants <br><br>―――――――――――――――――――― <br><br> JAMES BOURAZAK, LEE GRAVES, and ELM ONE CALL LOCATORS, INC. <br><br> Counter-Plaintiffs, <br><br> v. <br><br> DAVID BIELFELDT and KAREN WALES, <br><br> Counter-Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 15-cv-1419 |

**THIRD AMENDED COMPLAINT**

David L. Bielfeldt and Karen Wales, the Plaintiffs, complain of James Bourazak, Lee Graves, ELM One Call Locators, Inc. ("ELM"), and Graves Law Offices, P.C., the Defendants, stating as follows:

**<u>Nature of the Case</u>**

1.      Messrs. Graves and Bourazak have worked together to violate corporate governing documents, commit federal and state securities fraud, commit common law fraud, breach their fiduciary duties, and otherwise purposefully act without regard to the rights of others and rules they have agreed to. In doing so, they have drug ELM down with them. The

1

purpose of their behavior, as it has been in the past, is to unlawfully concentrate ownership of ELM with Mr. Graves at the expense of other shareholders. Here, those other shareholders are Mr. Bielfeldt and Ms. Wales.

2.      Mr. Bielfeldt and Ms. Wales, as individuals and on behalf of ELM, bring actions for violations of state and federal securities laws, fraud, breach of contract, breach of fiduciary duty, unjust enrichment, RICO violations, conspiracy, conversion, and legal malpractice. These actions are brought against Messrs. Graves and Bourazak and Graves Law Office, PC seeking, *inter alia*, actual damages, punitive damages, treble damages, disgorgement and attorney's fees and costs. The actions brought against ELM seek to have it act according to its governing documents and contracts, undo actions taken by the defendants, and otherwise allow for a reasonable running of the company.

## Parties

3.      Plaintiff David L. Bielfeldt is a resident of Peoria Heights, Illinois and a citizen of Illinois.

4.      Mr. Bielfeldt has been a shareholder of ELM at all times relevant to the matters raised in this Complaint.

5.      Plaintiff Karen Wales is also a resident of Peoria, Illinois and a citizen of Illinois.

6.      Ms. Wales has been a minority shareholder of ELM at all times relevant to the matters raised in this Complaint.

7.      Defendant Lee Graves is a resident and citizen of Texas.

8.      Mr. Graves has been an officer, director, shareholder, employee of, or an attorney for ELM and the Plaintiffs at all times relevant to the matters raised in this Complaint.

9.      Mr. Graves is, or recently was, also owner, director, or manager of related companies such as:

      a.   ELM Consulting, L.L.C. (involuntarily dissolved)

      b.   Elm Investments, L.L.C. (involuntarily dissolved);

      c.   Elm Enterprises, L.L.C.;

      d.   Elm Technologies, LLC (involuntarily dissolved);

      e.   Strategic Property Advisors, LLC (involuntarily dissolved);

      f.   Elm Insurance Services, L.L.C. (not in good standing);

      g.   Elm Energy, LLC; and

      h.   Elm Property Management, a subsidiary of Elm Enterprises, L.L.C. (involuntarily dissolved).

10.      Mr. Graves spends a great deal of time in this district, runs businesses in this district, and, upon information and belief, maintains a residence in this district.

11.      Upon information and belief, Defendant James Bourazak is a resident and citizen of Illinois.

12.      Mr. Bourazak is the step-brother of Defendant Lee Graves.

13.      Mr. Bourazak has been an officer, shareholder, or employee of ELM One Call Locators, Inc. at all times relevant to the matters raised in this Complaint.

14.      He has also served as the agent, an officer, or employee of other Lee Graves associated businesses.

15.      ELM One Call Locators, Inc. is an Illinois corporation with a registered office at 60 State Street, Peoria, Illinois.

16.      ELM One Call Locators, Inc.'s principal place of business is 60 State Street, Peoria, Illinois.

**Jurisdiction and Venue**

17.     This action arises under the Securities Exchange Act of 1934,[1] the Securities and Exchange Commission Rule 10b-5,[2] the Racketeer Influenced and Corrupt Organizations Act,[3] and laws preventing mail fraud and wire fraud. Accordingly, this Court has jurisdiction of the matter pursuant to 15 U.S.C. § 78aa, 28 U.S.C. §§ 1331, and 18 U.S.C. §§ 1964.

18.     With regards to jurisdiction of the related state common law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

19.     The proper venue is the Central District of Illinois. The securities transactions constituting the violations of Section 27 of the Securities Exchange Act[4] occurred within the geographical bounds of this District. Moreover, Graves transacts ELM and Graves Law Offices PC business within the geographical bounds of this district. Finally, Mr. Bourazak, Mr. Bielfeldt, and Ms. Wales are citizens of this district.

20.     Moreover, 18 U.S.C. § 1965 provides that venue for RICO actions is proper when a defendant transacts business in the district or "any judicial district of the United States" when required by the "ends of justice." Given Mr. Graves' extensive contacts with this district, his part-time residency, and the fact that the focus of his activities was for a business located at 60 State Street, Peoria, Illinois, the ends of justice render this a proper venue.

**ELM formation, ownership, and governance**

21.     ELM One Call Locators, Inc. ("ELM") was incorporated on June 5, 2003.

22.     Mr. Bielfeldt and Mr. Graves were once issued 50% of the Class A Voting Shares of ELM.

23.     Ms. Wales was issued Class B stock for her cash contribution of $400,000.

---

[1] 15 U.S.C. § 78j(b).
[2] 17 C.F.R. 240.10b-5.
[3] 18 U.S.C. § 1961-1968.
[4] 15 U.S.C. 71aa

24.     Mr. Bourazak was, at some time, issued Class B stock as well. Upon information and belief, other Bourazak family members were also issued Class B stock, at some point.

25.     Upon information and belief, during or around the time of Mr. Bourazak's divorce proceedings in 2009, his family transferred its Class B stock to Mr. Graves.

26.     ELM One Call Locators Inc., Mr. Bielfeldt and Mr. Graves entered into a Class A Stock Restriction Agreement in 2003 that included the following provisions:

   a.  Both Mr. Bielfeldt and Mr. Graves were entitled to name a director, as long as they held 50% of the Class A shares (Art. VIII);

   b.  The written consent of Bielfeldt and Graves was required for the approval of the annual plan and capital expenditure budget of the Company or amendment thereof (Art. VIII)

   c.  The company could not issue, sell, or transfer any stock or other equity interest without notice to the Class A stockholders who had the right of first refusal on the same terms (Art. VII); and

   d.  The company could not issue any stock without the written consent of Mr. Bielfeldt (Art. VIII, §8.03(a)).

27.     Similarly, ELM One Call Locators, Inc., Karen Wales, Lee Graves, David Bielfeldt, Joyce Bourazak, Jamel Bourazak, and James Bourazak entered into a Class B Stock Restriction Agreement in 2003 that includes the following provisions:

   a.  No Class B Stockholder could sell, assign, transfer, give, exchange, pledge, or dispose of the Class B Stock without first giving notice to ELM and allowing it 60 days to purchase the Stock. (Art. I, § 1.01); and

b.  That if ELM did not purchase the Class B Stock, notice was to be provided to other Stockholders, allowing them 30 days to purchase the Stock. (Art. I, §1.02).

28.  Sometime after incorporation, Mr. Bielfeldt and Mr. Graves accepted appointments to ELM's board of directors.

29.  Over the years, Mr. Bielfeldt has executed a personal guaranty on the loans by ELM from local banks, including a currently outstanding loan.

30.  Mr. Graves is ELM's current President.

31.  Mr. Bourazak is ELM's current Secretary.

**Graves' and Bourazak's Efforts to Unlawfully Concentrate Ownership in Graves**

32.  Mr. Bourazak was an owner of ELM Class B stock.

33.  Sometime around the time of his divorce proceedings in 2009, Mr. Bourazak and Mr. Graves arranged for the transfer of his stock to Mr. Graves.

34.  Additionally, on or about the time of the transfer of his Class B stock, Mr. Bourazak was made an employee and provided a salary at ELM.

35.  About the same time, Mr. Bourazak's mother and father also transferred their Class B stock to Mr. Graves.

36.  Upon information and belief, ELM was not provided notice of the proposed transfers.

37.  Neither Ms. Wales nor Mr. Bielfeldt were provided notice of the proposed transfers.

38.  In doing so, Messrs. Bourazak and Graves acted in violation of the Class B Stock Restriction Agreement so as to concentrate ownership of ELM with Mr. Graves.

## **Graves and Bourazak shirk their duties**

39.     Mr. Graves is an attorney licensed to practice law in Illinois.

40.     Upon information and belief, Mr. Graves is the sole shareholder of the Graves Law Office, P.C.

41.     Upon information and belief, Mr. Graves has provided legal services to ELM while also acting as its chief officer and a director since its incorporation.

42.     Mr. Graves held a position of trust with the ELM as its attorney. Mr. Graves held a position of trust with ELM as a director.

43.     Messrs. Graves and Bourazak, as corporate officers, held positions of trust.

44.     Mr. Graves, as the chief officer and director, and Mr. Bourazak, as secretary, have failed to provide notice and hold annual meetings of the stockholders for several years.

45.     Mr. Graves, as chief officer and director, and Mr. Bourazak, as secretary, have failed to hold meetings of the board of directors for many years and did not hold any meetings in 2014 to approve the issuance of stock by the corporation in 2014.

46.     To his recollection, Mr. Bielfeldt was not requested to provide, and has not provided, his written consent for the annual plans and capital expenditures over the past several years, including none in 2014 nor 2015.

47.     Mr. Graves, as chief officer and as legal counsel to ELM One Call Locators, Inc., failed to advise ELM of the need to comply with corporate formalities and the obligation to comply with the Class A Stock Restriction Agreement.

48.     Mr. Bourazak as the Secretary of ELM, and a former Class B shareholder, has failed to comply with the By-Laws.

**Graves and Bourazak work together to inappropriately attack the Plaintiffs' interests**

49.    Upon information and belief, Mr. Bielfeldt may still hold Class A voting shares of common stock in ELM.

50.    Pursuant to 15 U.S.C. 78c(a)(10), Mr. Bielfeldt's Class A voting shares of common stock held by Mr. Bielfeldt are securities.

51.    Upon information and belief, Ms. Wales may still hold Class B non-voting shares of common stock in ELM.

52.    Pursuant to 15 U.S.C. 78c(a)(10), Ms. Wales Class B non-voting shares of common stock held by Ms. Wales are securities.

53.    On or about May 12, 2014, Mr. Graves sent a one-page letter, through the U.S. Mail, to Mr. Bielfeldt with a courtesy copy to Ms. Wales. These are two uses of the U.S. Mail.

54.    In the May 12, 2014 letter, Mr. Graves indicated that he had provided additional equity into the company and further stated that the "Equity contribution results in an increase in my Equity of One Call Locators," but did not provide any other information regarding the equity contribution or the increase in Mr. Graves equity.

55.    The May 12, 2014 letter also stated that it was addressed Ms. Karen Wales "in that she is affected similarly pursuit [sic] to Article IV."

56.    The May 12, 2014 letter stated that that a Major Event had occurred and, pursuant to Article VIII, Section 8.03(a), sought to have Mr. Bielfeldt to consent to the Major Event.

57.    Upon knowledge and belief, Mr. Graves did not contribute any cash to ELM in 2014.

58.     Upon information and belief, Mr. Graves purports to have contributed property, in the form of a warehouse, in exchange for the issuance of additional stock from ELM.

59.     At the time of the filing of this action, excepting the unsupported statement in the May 12, 2014 letter that he provided $1.84 million in additional equity, which was booked on February 28, 2014, Mr. Graves has never provided Mr. Bielfeldt any documentation describing the contributions.

60.     As noted above, Mr. Bielfeldt's consent was required pursuant to §8.02 of the Class A Stock Restriction Agreement prior to the occurrence of a Major Event.

61.     As noted above, Mr. Bielfeldt was a Class A Shareholder of ELM. Accordingly, the Company was required to provide Mr. Bielfeldt with a right of first refusal pursuant to Article VII of the Class A Stock Restriction Agreement prior to any issuance of any Class A stock.

62.     In the first half of June 2014, Mr. Bielfeldt visited Mr. Graves at his office indicating that he wanted to discuss the May 12, 2014 letter with Mr. Graves.

63.     Mr. Graves refused to discuss the letter on that day, stated he was leaving his office for the day, and continued to refuse to discuss the letter in any subsequent attempts by Mr. Bielfeldt.

64.     On or about June 18, 2014, Mr. Bourazak sent Mr. Bielfeldt and Ms. Wales a letter through the U.S. Mail. This constituted two additional uses of the U.S. Mail.

65.     That letter indicated "Lee Graves has been issued additional equity in the amount of $1.9 million."

66.     The June 18, 2014, letter concluded that Mr. Graves' equity interest in the company was now 100% while the equity interests of Mr. Bielfeldt and Ms. Wales were zero.

67.     On or about January 23, 2015, Mr. Bourazak sent another letter to Mr. Bielfeldt and Ms. Wales. This letter indicated that ELM One Call Locators, Inc. had issued 3,970 additional shares of Class A stock and 3,992 shares of Class B stock.

68.     The January 23 letter stated the value of the company was $9,631,000.00.

69.     The January 23 letter concluded that the equity interest of Mr. Bielfeldt was 0.1875% and valued this interest at $18,058.13.

70.     The January 23 letter attached a September 30, 2014 valuation performed by Filotto Professional Services Ltd., (the "Filotto Valuation) that indicated the ownership interest as of December 13, 2013, was as follows: Lee Graves owned 21 shares representing a 55.26% ownership interest, David Bielfeldt owned 15 shares representing a 39.48% ownership interest, and Karen Wales owned 2 shares representing a 5.26% ownership interest.

71.     The Filotto Valuation also indicated that the ownership interest on February 28, 2014, and remaining on September 30, 2014, was as follows: Lee Graves owned 7,983 shares representing 99.79% ownership interest, David Bielfeldt owned 15 shares representing .19% ownership interest, and Karen Wales owned 2 shares representing .02% ownership interest.

72.     The January 23 letter included a check to Mr. Bielfeldt for $50,000.

73.     The January 23 letter also indicated that the equity interest of Ms. Wales was 0.025% and valued this interest at $2,407.75.

74.     The January 23 letter included a check to Ms. Wales for $5,000.

75.     To his recollection, Mr. Bielfeldt has never provided written consent for the issuance of additional stock.

76.     To his recollection, the company never provided to Mr. Bielfeldt, a Class A stockholder with a right of first refusal before ELM One Call Locators issued any new stock, the notice as required pursuant to Article VII of the Class A Stock Restriction Agreement.

77.     To his recollection, Mr. Bielfeldt has never provided his consent in connection with the Major Event.

78.     To his recollection, Mr. Bielfeldt never attended a board meeting approving the issuance of any stock to Mr. Graves.

79.     Given the lack of information provided to Mr. Bielfeldt and the failure to present and approve annual plans and capital expenditures, it would be difficult for Mr. Bielfeldt to approve, competently, any Major Event, any additional stock issuance, or ratify any of the improper actions Messrs. Bourazak and Graves have taken.

**Graves' pilfering of ELM's coffers**

80.      As explained above, Mr. Bielfeldt and Ms. Wales received a letter with a valuation of ELM.

81.     The Filotto Valuation broke down certain salary expenses and adjustments by year for the years2010-2014. These included for respective years 2010-2014:

   a.   Officer Salary Expense: $636,013, $806,396, $666,554, $444,332, $386, 355;

   b.   Legal Fees paid in lieu of Compensation: $500,000, $749,000, $540,000, $495,000, and $315,750; and

   c.   Add Back Adjustments: -$500,000, -$500,000, -$500,000, -$500,000, -$500,000.

82.     It also broke down certain rent expenses and adjustments for 2010-2014. These included for the respective years 2010-14:

   a.   Rent Expense: $231,500, $242,100, $242,100, $368,604, and $322,428; and

b. Add Back Adjustments: $166,800, $166,800, $166,800, $166,800, and $166,800.

83.     Upon information and belief, based upon the Filotto Valuation representations, ELM was paying rent to Mr. Graves' owned companies.

84.     Upon information and belief, the legal services in lieu of compensation were paid directly to either Mr. Graves or his law firm.

85.     Upon information and belief, the Officer Compensation was paid to Mr. Graves and Mr. Bourazak, given that they are the two corporate officers.

86.     Accordingly, the very valuation Mr. Graves provided suggests that he was taking $500,000 per year in excessive legal fees in lieu of compensation.

87.     The same valuation also recognizes that ELM was overpaying Grave's owned companies hundreds of thousands of dollars.

88.     Mr. Bourazak, as Secretary, and holding various positions in other Graves' owned businesses, would know of these overpayments.

89.     Upon information and belief, Mr. Graves has foreign bank accounts.

90.     Upon information and belief, he would have used wire transfers to transfer money, including the complained of amounts, into these foreign bank accounts.

## Graves' Threats

91.     The letter concluded, by indicating that if the shares were not endorsed to ELM and returned within seven days of the letter, the Company would "take action similar to that of Todd Williams in order to resolve the matter."

92.     Todd Williams was a Class B Shareholder of ELM.

12

93.     According to a 2007 Complaint, filed by Williams[5] Jim Bourazak withheld financial statements from Williams, who then started seeking financial information from ELM.

94.     Williams alleged that Graves and Bourazak withheld distribution checks, and even voided an issued distribution check, once he began inquiring about ELM's finances.

95.     Williams alleged that ELM One Call Locators, Inc. initiated a "reverse" stock split for the purpose of eliminating Williams and only Williams from ownership in ELM One Call Locators, Inc.

96.     Moreover, Williams alleged that the "fair" value he was to receive from being eliminated from ownership was not, in fact, fair.

97.     Here, Mr. Graves would routinely verbally abuse Mr. Bielfeldt if he inquired into the financial condition of ELM.

98.     Moreover, upon information and belief, Mr. Graves has stated that if anyone challenged his activities at ELM, he would "gut the company."

99.     Finally, upon information and belief, Mr. Graves has intimated he would transfer money to foreign bank accounts and allow ELM to fail if his control were challenged.

## COUNT I
## FEDERAL SECURITIES LAW

100.    The Plaintiffs reallege ¶¶ 3 – 99 as if fully restated.

101.    This Count is brought by Mr. Bielfeldt and Ms. Wales against Defendants Bourazak and Graves.

102.    This Count is also brought as a derivative action on behalf of ELM One Call Locators, Inc., by its shareholders, Mr. Bielfeldt and Ms. Wales.

---

[5] The case was later settled, by stipulation of the parties. Agreed Order to Dismiss 2d Amended Compl., *Williams v. Graves, et al.,* Peoria County Case No. 07 CH 135 (Aug. 4, 2008).

103.    Mr. Graves and Mr. Bourazak knowingly engaged in manipulation and deceptive conduct. They conspired to, and did, issue additional shares of stock in ELM without proper corporate action and authority, without compliance with the Class A or Class B Stock Restriction Agreements, without the consent of Mr. Bielfeldt, and by misrepresenting the terms of the Class A Stock Restriction Agreement to Mr. Bielfeldt and Ms. Wales.

104.    These actions by Messrs. Grave and Bourazak also served to wrongfully dilute Mr. Bielfeldt.

105.    Moreover, by issuing shares without proper corporate authorization, Mr. Graves and Mr. Bourazak caused ELM to issue shares at less than fair value. Accordingly ELM was deprived of capital in exchange for the stock.

106.    Additionally, Mr. Graves engaged in manipulation and deceptive conduct through his numerous statements made in letters and meetings to Mr. Bielfeldt relating to:

    a.    the extent and value of Mr. Bielfeldt's holdings;

    b.    the extent and value of Ms. Wales' holdings;

    c.    the provisions in legal documents signed by ELM and Mr. Graves;

    d.    and the state, condition, and operations of ELM, including, without limitation legal fees paid to Graves Law Office that were significantly above market rates for legal services purportedly performed in connection with ELM, rent paid to an entity owned by Graves that was significantly above market rates, and the amount of the overall compensation paid to Mr. Graves.

107.    Further, upon information and belief, Mr. Graves and Mr. Bourazak engaged in manipulation and deceptive conduct by transferring Class B stock without complying with the Class B Stock Restriction Agreement and denying ELM, Mr. Bielfeldt, and Ms. Wales the opportunity to purchase Mr. Bourazak's Class B Stock.

14

108.    Messrs. Bourazak and Graves attempted to buy Mr. Bielfeldt and Ms. Wales shares. When doing so, they misrepresented the extent and value of the Plaintiffs' interest in ELM.

109.    In a letter, sent by U.S. Mail, dated June 18, 2014, Mr. Bourazak represented that Mr. Graves had been "issued additional equity in the amount of $1.9M," that Mr. Graves' equity interest was 100%, and that Mr. Bielfeldt's and Ms. Wales' equity interest was 0%.

110.    In a later, contradictory, letter, Jim Bourazak represented that Mr. Bielfeldt did, in fact, have a 0.1875% interest, and Ms. Wales had a 0.025% interest in ELM. This letter also was sent by U.S. Mail.

111.    The latter letter enclosed checks for $50,000 (to Mr. Bielfeldt) and $5,000 (to Ms. Wales).

112.    Clearly, both letters cannot be correct. At least one has to be misleading.

113.    Upon information and belief, Messrs. Graves' and Bourazak's objective was:

    a.    to prevent Mr. Bielfeldt and Ms. Wales from ascertaining the true extent of their shareholdings and the value of their shares;

    b.    to prevent Mr. Bielfeldt and Ms. Wales from ascertaining the  true state of affairs at ELM One Call Locators, Inc.;

    c.    to deprive Mr. Bielfeldt of rights associated with his 50% Class A stockholding per the Class A Stock Restriction Agreement;

    d.    to dilute Mr. Bielfeldt of his 50% interest in the Class A stock;

    e.    to induce Mr. Bielfeldt to consent to actions taken without proper corporate action and authority and in violation of the Class A Stock Restriction Agreement;

    f.    to induce Mr. Bielfeldt and Ms. Wales to sell their shares;

g.  to depress the value of the company through the payment of unapproved excessive compensation, rent, legal expenses and other expenses; and

h.  to reduce the value and operating funds of the company by paying unapproved excessive compensation and rents to Mr. Graves and entities owned by Mr. Graves.

114.    This information and belief is based upon, among other things, the behavior of Mr. Graves, his family relationships with Mr. Bourazak, his past behavior concentrating equity in himself, the defendants' failure to hold meetings, and his statements that if challenged Mr. Graves would "gut" the company.

115.    Messrs. Graves' and Bourazak's manipulation and deceptive conduct is in violation of 15 U.S.C. 78j(b) and the rules and regulations promulgated under that statute. Their conduct perpetrated, and continues to perpetrate, a fraud.

116.    As a direct and proximate result of Messrs. Graves' and Bourazak's fraudulent behavior actions, Mr. Bielfeldt, individually, has been damaged through ELM's dilution of his 50% Class A stock, their other actions taken contrary to the Class A Stock Restriction Agreement and the  increase in the interest of Mr. Graves' ownership.

117.    As a direct and proximate result of Messrs. Graves' and Bourazak's fraudulent behavior, Ms. Wales, individually, has been damaged through ELM's  dilution of her minority interest, their other actions taken contrary to the Class B Stock Restriction Agreement, and the increase in the interest of Mr. Graves' ownership.

118.    As a direct and proximate result of Messrs. Graves' and Bourazak's fraudulent behavior, ELM did not receive fair value for the stock it issued and lost the opportunity to re-purchase its shares.

119.    With such extreme conduct, as alleged above, Messrs. Graves and Bourazak are liable for punitive damages.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants as follows:

    a.    Awarding the Plaintiffs actual damages;

    b.    Awarding the Plaintiffs punitive damages;

    c.    Awarding the Plaintiffs their reasonable attorney's fees;

    d.    Ordering that all improper transfers and issuances of shares be rescinded and the parties returned to their status prior to Messrs. Graves and Bourazak's behavior; and

    e.    Any other relief this Court deems just and proper.

## COUNT II
### ILLINOIS SECURITIES LAW

120.    The Plaintiffs reallege ¶¶ 3 – 119 as if fully restated.

121.    This Count is brought by Mr. Bielfeldt and Ms. Wales against Defendants Bourazak and Graves.

122.    This Count is also brought as a derivative action on behalf of ELM One Call Locators, Inc., by its shareholders Mr. Bielfeldt and Ms. Wales.

123.    The shares owned by Mr. Bielfeldt and Ms. Wales are not listed on a national securities exchange or in a market maintained by any national or affiliated securities association.

124.    Messrs. Graves' and Bourazak's behavior, described above, violates the Illinois Securities Law of 1953.

125.    Messrs. Graves and Bourazak are acting in a manner that is illegal.

126.    Messrs. Graves and Bourazak are acting in a manner that is oppressive to Mr. Bielfeldt and Ms. Wales.

127.    Messrs. Graves and Bourazak are acting in a manner that is fraudulent to Mr. Bielfeldt and Ms. Wales.

128.    Moreover, ELM's assets are being wasted and misapplied.

129.    As a direct and proximate result of Messrs. Graves' and Bourazak's fraudulent behavior, Mr. Bielfeldt and Ms. Wales have been damaged in excess of $75,000.

130.    As a direct and proximate result of Messrs. Graves' and Bourazak's fraudulent behavior, ELM has been damaged in excess of $75,000

131.    With such extreme conduct, as alleged above, Messrs. Graves and Bourazak are liable for punitive damages.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants as follows:

    a.   Awarding the Plaintiffs actual damages;

    b.   Awarding the Plaintiffs punitive damages;

    c.   Awarding the Plaintiffs their reasonable attorney's fees;

    d.   Ordering that all improper transfers and issuances of shares be rescinded and the parties placed where they were prior to the bad actions of Messrs. Graves and Bourazak,

    e.   Ordering that Lee Graves be removed as a director and officer of ELM; and

    f.   Any other relief this Court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTIES

132.    The Plaintiffs reallege ¶¶ 3 – 131 as if fully restated.

133.    This Count is brought by Mr. Bielfeldt and Ms. Wales against Defendants Bourazak and Graves.

134.    This Count is also brought as a derivative action on behalf of ELM One Call Locators, Inc., by its shareholders Mr. Bielfeldt and Ms. Wales.

135.    As corporate officers, Messrs. Graves and Bourazak owed ELM's shareholders a fiduciary duty.

136.    As a 50% shareholder in a closely held corporation, Mr. Graves owed Mr. Bielfeldt a fiduciary duty;

137.    As a 50% stockholder in a closely held corporation, Mr. Graves owed Ms. Wales, a minority shareholder, a fiduciary duty

138.    As legal counsel to ELM, Mr. Graves owed it a fiduciary duty.

139.    Mr. Graves breached his duties through the conduct complained of.

140.    Mr. Bourazak breached his duty through the conduct complained of.

141.    Mr. Graves has further breached that duty by actions including, but not limited to:

    a.    corporate mismanagement;

    b.    renting property to ELM at rates far above market rate and receiving income through doing so;

    c.    charging ELM for legal services at rates far above market rate and receiving income through doing so;

    d.    upon information and belief, making other false and unjustified billings and receiving income through doing so;

e. upon information and belief, making misleading statements about the Class A Stock Restriction Agreement and intentionally disregarding the clear and plain terms of Class A Stock Restriction Agreement;

f. representing to USIC Locating Services, Inc. that he owned 55% of One Call Locators, Ltd, a wholly owned subsidiary of ELM, and negotiating an Asset Purchase Agreement with USIC Locating Services, Inc., and, upon information and belief, profiting from that Asset Purchase Agreement, all despite not owning One Call Locators, Ltd.

142. Messrs. Graves and Bourazak have damaged shareholders, personally, including Mr. Bielfeldt and Ms. Wales through this conduct.

143. Messrs. Graves and Bourazak have damaged ELM through this conduct.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants as follows:

a. Awarding the Plaintiffs actual damages;

b. Awarding the Plaintiffs punitive damages;

c. Awarding the Plaintiffs costs and attorneys' fees;

d. Ordering that all benefits that Defendants Graves and Bourazak have earned through their improper activities be disgorged; and

e. Any other relief this Court deems just and proper

## COUNT IV
## MANDAMUS

144. Plaintiffs reallege ¶¶ 3 – 143 as if fully restated.

145. This Count is brought by Mr. Bielfeldt and Ms. Wales against ELM One Call Locators, Inc.

146.    Upon information and belief, ELM issued additional Class A Shares to Mr. Graves.

147.    ELM cannot issue stock, through Secretary Bourazak or otherwise, in violation of the Class A Stock Restriction Agreement.

148.    It cannot issue stock, through Secretary Bourazak or otherwise, absent proper corporate authority and action;

149.    Mr. Bielfeldt, individually, has had his 50% interest diluted through the issuance of additional stock or ELM One Call Locator's acquiescence to Mr. Graves' behavior.

150.    Mr. Bielfeldt and Ms. Wales have had their personal interests and equity interests, negatively impacted by the issuance of additional stock or ELM One Call Locators, Inc.'s acquiescence to Mr. Grave's behavior.

151.    ELM's duty, through Secretary James Bourazak, is ministerial. There is no discretion allowing the issuance of stock in violation of the Class A Stock Restriction Agreement and the corporate law of Illinois.

152.    Demand has been made for ELM to perform its ministerial duty, to wit, either set aside the issuance of stock or reign in Mr. Grave's behavior.

153.    Demand was refused.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendant ELM One Call Locators, Inc.:

a.    Ordering Defendant ELM One Call Locators, Inc. to set aside the issuance of stock, to reign in Mr. Graves' behavior, and to enforce the Stock Restriction Agreements;

b.    Allowing David Bielfeldt and Karen Wales to have and recover their costs from ELM One Call Locators, Inc; and

21

c.  Any other relief this Court deems just and proper.

## COUNT V
## BREACH OF CONTRACT

154.  Plaintiffs reallege ¶¶ 3 – 143 as if fully restated.

155.  This Count is brought by Mr. Bielfeldt against Defendants Graves and ELM.

156.  This Count is also brought as a derivative action on behalf of ELM One Call Locators, Inc., by its shareholders Mr. Bielfeldt and Ms. Wales, against Defendant Graves.

157.  Mr. Biefeldt, Mr. Graves, and ELM entered into a valid Class A Stock Restriction Agreement.

158.  Mr. Biefeldt at all times acted pursuant to the terms of the Agreement.

159.  Defendants, however, breached the terms of that agreement:

a.  Defendant Graves declared that a Major Event occurred pursuant to §8.03(a) and acted on that declaration without the required consent of Mr. Biefeldt.

b.  Upon information and belief, Mr. Graves and ELM issued stock pursuant to §8.03(a) without Mr. Biefeldt's required consent.

c.  Upon information and belief, Mr. Graves and ELM took and continue to take actions not consented to Mr. Bielfeldt's as required by Article VIII.

160.  Mr. Biefeldt suffered significant damages as a result of Grave's and ELM's breach of the Agreement in that  Mr. Biefeldt's ownership of 50% of Class A voting shares was reduced to 0.1875%.

161.  ELM suffered significant damages as a result of Grave's actions in that it accepted, upon information and belief, less than fair value for the shares it issued.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants as follows:

a.  Awarding Plaintiffs actual damages;

b.   Ordering that all improper transfers and issuances of shares be rescinded and the parties placed where they were prior to the bad actions of Mr. Graves;

c.   Any other relief this Court deems just and proper.

## COUNT VI
## UNJUST ENRICHMENT

162.   Plaintiffs reallege ¶¶ 3 – 143 and 155 – 161 as if fully restated.

163.   This Count is brought by Mr. Bielfeldt and Ms. Wales against Defendant Graves.

164.   This Count is also brought as a derivative action on behalf of ELM One Call Locators, Inc., by its shareholders Mr. Bielfeldt and Ms. Wales.

165.   Mr. Graves has been unjustly enriched. He has unjustly retained:

a.   Excessive compensation;

b.   Excessive legal fees;

c.   Excessive rents;

d.   Improper and unapproved distributions;

e.   Shares that were improperly transferred or issued to him; and

f.   Upon information and belief, funds garnered from his false representation to USIC Locating Services, Inc. that he owned 55% of One Call Locators, Ltd, a wholly owned subsidiary of ELM, and negotiating an Asset Purchase Agreement with USIC Locating Services, Inc., from which he profited despite not owning One Call Locators, Ltd.

166.   Correspondingly, Mr. Bielfeldt and Ms. Wales have been damaged in that their shares have been diluted and have received lessened distributions from Mr. Graves' pilfering of ELM.

167.   By paying excessive rents and legal fees, ELM has also been damaged.

23

168.    Mr. Graves' behavior has been unlawful, oppressive, and in violation of a multitude of laws. It is unjust to allow him to be enriched under such conditions.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants as follows:

    a.    Mr. Graves be ordered to return all shares issued in contravention of the various laws, By-Laws, and restriction agreements to ELM One Call Locators, Inc.;

    b.    Mr. Graves be ordered to disgorge all amounts he, or his related companies, have been overpaid;

    c.    Mr. Graves be ordered to disgorge all amounts he, or his related companies, received from USIC Locating Services, Inc. associated with the Asset Purchase Agreement; and

    d.    Any other relief this Court deems just and equitable.

## COUNT VII
### FRAUD

169.    Plaintiffs reallege ¶¶ 3 – 143 and 155 – 168 as if fully restated.

170.    This Count is brought by Mr. Bielfeldt and Ms. Wales against Defendants Bourazak and Graves.

171.    Mr. Graves and Mr. Bourazak have misrepresented ownership interests in ELM, the finances of ELM, that a major event had occurred under the Class A Stock Restriction Agreement, and the value of ELM stock.

172.    Moreover, Messrs. Graves and Bourazak purposefully concealed the lack of corporate authorizations or powers necessary to issue new shares.

173.    Mr. Graves and Mr. Bourazak, as corporate officers, knew that these misrepresentations and concealments were unlawful.

174.     Mr. Graves and Mr. Bourazak made these misrepresentations and concealed these facts to induce Mr. Bielfeldt and Ms. Wales to act detrimentally to their own interest, to wit, allowing Messrs. Graves and Bourazak to remain corporate officers, to allow Mr. Bourazak to remain an employee of ELM, to concentrate ownership in Mr. Graves, to allow Mr. Graves to send letters and other communications to induce Mr. Bielfeldt and Ms. Wales to sell their interest in ELM at artificially lowered values.

175.     Mr. Bielfeldt and Ms. Wales, did in fact rely upon the misrepresentations and did not discover the concealed information, causing them to act, or not act, in manners detrimental to their own interests. In the way of example, they did not have Messrs. Graves and Bourazak removed from corporate office.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants as follows:

    a.   Awarding the Plaintiffs actual damages;

    b.   Awarding the Plaintiffs punitive damages;

    c.   Awarding the Plaintiffs their costs and attorneys' fees;

    d.   Ordering that all benefits that Defendants Graves and Bourazak have earned through their improper activities be disgorged; and

    e.   Any other relief this Court deems just and equitable.

## COUNT VIII
### CONSPIRACY TO COMMIT FRAUD

176.     Plaintiffs reallege ¶¶ 3 – 143 and 155 – 175 as if fully restated.

177.     This Count is brought by Mr. Bielfeldt and Ms. Wales against Defendants Bourazak and Graves.

178.     As complained of above, Messrs. Bourazak and Graves worked together to concentrate ELM's equity in Mr. Graves through fraudulent schemes and devices.

179.    Upon information and belief, given the family relation, Mr. Bourazak's position in other Graves' related companies, and Mr. Bourazak's complete disregard for his position as Secretary of ELM, Mr. Bourazak and Mr. Graves have agreed to work together to perpetrate fraud on Mr. Bielfeldt and Ms. Wales.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants as follows:

   a.    Awarding the Plaintiffs actual damages;

   b.    Awarding the Plaintiffs punitive damages;

   c.    Awarding the Plaintiffs their costs and attorneys' fees;

   d.    Ordering that all benefits that Defendants Graves and Bourazak have earned through their improper activities be disgorged; and

   e.    Any other relief this Court deems just and equitable.

## COUNT IX
## RICO

180.    Plaintiffs reallege ¶¶ 3 – 143 and 155 – 179 as if fully restated.

181.    This Count is brought by Mr. Bielfeldt and Ms. Wales against Defendants Bourazak and Graves.

182.    This Count is also brought as a derivative action on behalf of ELM One Call Locators, Inc., by its shareholders Mr. Bielfeldt and Ms. Wales.

183.    18 U.S.C. § 1961 provides a list of activities that constitute racketeering activities. These include mail fraud, wire fraud, and securities fraud.

184.    As explained above, Mr. Graves and Mr. Bourazak have repeatedly used the U.S. Mail in such a manner as to commit mail fraud. Namely, Mr. Graves and Mr. Bourazak, have repeatedly used the U.S. Mail to commit fraud against Mr. Bielfeldt and Ms. Graves.

185.     Upon information and belief, Mr. Graves and Mr. Bourazak utilized the internet and emails to conspire to commit fraud against Mr. Bielfeldt and Ms. Graves. This information and belief is based upon Mr. Graves' known use of electronic mail in the past. It is also based upon Mr. Graves' expected use of wire transfers to move pilfered money to off-shore accounts.

186.     As explained above, Mr. Graves and Mr. Bourazak have worked together to repeatedly commit securities fraud under both federal and state law.

187.     These activities have spanned years.

188.     If not stopped, these activities will likely continue.

189.     These activities are a pattern of racketeering activities.

190.     Mr. Bourazak and Mr. Graves, by working together to undertake these racketeering activities, constitute an enterprise.

191.     These activities have damaged Mr. Bielfeldt, Ms. Wales, and ELM. These damages have been repeatedly explained in the foregoing paragraphs.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants as follows:

a.     Awarding the Plaintiffs actual damages;

b.     Awarding the Plaintiffs treble damages;

c.     Awarding the Plaintiffs their costs and attorneys' fees;

e.     Any other relief this Court deems equitable and just.

## COUNT X
## CONVERSION

192.     Plaintiffs reallege ¶¶ 3 – 131, 154 – 161, 170 - 195 as if fully restated.

193.     David Bielfeldt and Karen Wales bring this count as individuals against Lee Graves.

194.     This Count is also brought as a derivative action on behalf of ELM One Call Locators, Inc.

195.     By the foregoing activities, Lee Graves, with Mr. Bourazak's help, has assumed unauthorized and wrongful ownership or control of shares of stock in ELM One Call Locators, Inc.

196.     By the foregoing activities, Lee Graves, with Mr. Bourazak's help, has assumed unauthorized ownership of distributions issued by ELM One Call Locators, Inc.

197.     By the foregoing activities, Lee Graves, with Mr. Bourazak's help, has assumed unauthorized ownership of proceeds from the sale of contracts owned by a wholly own subsidiary of ELM One Call Locators, Inc.

198.     The Plaintiffs are entitled to possession of the property, as explained more fully above.

199.     Demand for return of USIC Asset Purchase Agreement funds paid to Lee Graves, if any, and return of funds distributed by ELM would be futile given Messrs. Graves' and Bourazk's control of the board.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants as follows:

    a.  Awarding the Plaintiffs actual damages;

    b.  Awarding the Plaintiffs punitive damages;

    c.  Awarding the Plaintiffs their costs; and

    d.  Any other relief this Court deems equitable and just.

## COUNT XI
### LEGAL MALPRACTICE

200.     Plaintiffs reallege ¶¶ 3 – 143, 155 – 179, and 192-199 as if fully restated.

28

201.     David Bielfeldt and Karen Wales bring this count as individuals against Lee Graves and Graves Law Offices, PC.

202.     This count is also brought as a derivative action on behalf of ELM One Call Locators, Inc.

203.     Upon information and belief, Lee Graves was employed by and owned Graves Law Offices, PC.

204.     Lee Graves acted as David Bielfeldt's and Karen Wales' attorney.

205.     Plaintiffs understood Lee Graves and Graves Law Offices, PC to be their attorneys for many years, including into 2015.

206.     Graves and Graves Law Offices, PC provided legal services directly to the Plaintiffs, as individuals, including providing legal advice concerning and analysis of documents the Plaintiffs signed as individuals, such as stock restriction agreements.

207.     Lee Graves and Graves Law Offices provided legal services directly to the Plaintiffs, as individuals, by providing legal advice concerning, and analysis of, documents the Plaintiffs signed as individuals, namely those concerning consent for the transfer of ELM One Call Locators, Inc. Class B shares.

208.     In the way of example, demonstrating past behavior, Lee Graves and Graves Law Offices, PC provided legal services directly to Bielfeldt, as an individual, by providing legal advice and acting as counsel for Bielfeldt in connection with documents signed by Mr. Bielfeldt in his individual capacity, such as his personal guaranties with First State Bank.

209.     In the way of example, demonstrating past behavior, Lee Graves and Graves Law Offices, PC provided legal services directly to Bielfeldt, as an individual, by providing legal advice and acting as counsel for Bielfeldt in connection with a lawsuit filed against Mr. Bielfeldt by Todd Williams.

29

210.     At no time in his dealings with Mr. Bielfeldt and Ms. Wales, did Mr. Graves ever indicate his representation of their interests had concluded and was terminated.

211.     Mr. Bielfeldt and Ms. Wales believed they were represented by Mr. Graves and Graves Law Offices for a number of years including into 2015.

212.     Mr. Graves held himself, and his firm, out as competent in the area of law dealing with the legal matters for which he and his firm were providing legal services to the Plaintiffs.

213.     Mr. Graves and his firm were required to exercise the same legal skill as a reasonably competent attorney and to use reasonable care in providing the legal services and advice. For example, they were obligated to zealously represent the Plaintiffs and had certain other duties to the Plaintiffs, including disclosing any conflicts of interest that might impair their ability to represent the Plaintiffs' interests.

214.     In the course of the legal representation of the Plaintiffs, Mr. Graves and his firm negligently failed to act with the degree of competence generally possessed by attorneys in the State of Illinois who handle matters and representation similar to Plaintiffs'.

215.     Mr. Graves and his firm were negligent and committed malpractice in the following manners:

   a.     By failing to explain to Plaintiff Bielfeldt that certain documents he signed individually were more than just "update documents;"

   b.     By failing to explain and misrepresenting to Plaintiffs how important provisions of the Class A Stock Restriction Agreement applied to them individually;

   c.     By failing to explain and misrepresenting to Plaintiffs how important provisions of the Class B Stock Restriction Agreement applied to them individually;

d.      By failing to explain and misrepresenting to Plaintiffs their individual stock holdings in ELM One Call Locators, Inc.;

e.      By, despite a conflict of interest in doing so, and serving as counsel, advising or causing ELM One Call Locators, Inc. to withhold rightful distributions that should have been paid to Plaintiffs;

f.      By, despite a conflict of interest in doing so, and serving as counsel, advising or causing ELM One Call Locators, Inc. to issue stock to Mr. Graves with the purpose of diluting the Plaintiffs' individual ownership in ELM One Call Locators, Inc.;

g.      By, despite a conflict of interest in doing so, and serving as counsel, advising or causing ELM One Call Locators, Inc. to refuse to recognize Plaintiffs' ownership rights and incidences of their stock ownership;

h.      By, despite a conflict of interest in doing so, and serving as counsel, advising or causing ELM One Call Locators, Inc. to direct its agents to refuse to recognize Plaintiffs' ownership rights and incidences of their stock ownership;

i.      By, despite a conflict of interest in doing so, and serving as counsel, advising or causing ELM One Call Locators, Inc. to misrepresent to financial institutions and others that Plaintiffs no longer have any ownership interest in ELM One Call Locators, Inc.; and

j.      By, despite a conflict of interest in doing so, unjustly enriching himself at the expense of his clients, the Plaintiffs.

216.      As a result of the actions described in the foregoing paragraphs, including subparts, the Plaintiffs were harmed as individuals in that their ownership interests were diluted, they were denied sums of money in the form of distributions, and they were and

continue to be denied the rights and incidences of ownership of stock in ELM One Call Locators, Inc., among other damages.

217.     Lee Graves and his firm also represented ELM One Call Locators, Inc.

218.     Lee Graves and Graves Law Office, PC also acted negligently in their representation of ELM One Call Locators, Inc.

219.     Upon information and belief, Lee Graves and Graves Law Office, PC failed to properly advise ELM One Call Locators, Inc. and David Bielfeldt on proper corporate procedures and book keeping.

220.     Lee Graves and Graves Law Office, PC repeatedly presented themselves as the attorneys for ELM when presenting David Bielfeldt, as a director, with various corporate documents.

221.     Mr. Bielfeldt, as a director, relied on the representations of Lee Graves and Graves Law Office, PC when executing various corporate documents.

222.     Lee Graves and ELM One Call Locators, Inc.'s negligent handling of ELM One Call Locators, Inc.'s corporate books and records is one of the root causes of this litigation.

223.     Mr. Bielfeldt relied on the representations of Lee Graves and Graves Law Office, PC regarding litigation matters while a Director of ELM One Call Locators, Inc.

224.     Upon information and belief, Lee Graves and Graves Law Office, PC informed David Bielfeldt and Karen Wales that they were handling legal issues pertaining to Internal Revenue Service matters for both ELM One Call Locators, and Mr. Bielfeldt and Ms. Wales.

225.     Upon information and belief, Lee Graves and Graves Law Office, PC failed to inform David Bielfeldt and Karen Wales not only of serious conflicts of interest in handling

the foregoing, and other, matters, but also engaged in acts of verbal assault and intimidation against them.

226.     Upon information and belief, these conflicts led Lee Graves and Graves Law Office, PC to fail to fully and adequately represent the interests of ELM One Call Locators, Inc.

227.     One Call Locators, Ltd. is, and was, upon information and belief, wholly owned by ELM One Call Locators, Inc.

228.     Lee Graves and Graves Law Office, PC engaged in negotiations for the sale of certain contracts to USIC Locating Services, Inc., a competitor, in 2010.

229.     Lee Graves represented that he owned 55% of One Call Locators, Ltd. to USIC Locating Services, Inc.

230.     Lee Graves and Graves Law Office, PC should have been conflicted from negotiating the aforementioned sale of contracts.

231.     Lee Graves and his law firm acted negligently by, upon information and belief, not properly representing the ownership of One Call Locators, Ltd.

232.     Lee Graves and Graves Law Office, PC acted negligently by failing to inform their client, ELM, of their conflict and Lee Graves' activities.

233.     Lee Graves and Graves Law Office, PC acted negligently by failing to advise ELM of the legal consequences of its subsidiary's actions through Mr. Graves.

234.     This negligence damaged its parent company, ELM One Call Locators, Inc., and its owners, David Bielfeldt and Karen Wales, in that ELM One Call Locators, Inc., upon information and belief, may not have received the full purchase price of the sale of certain contracts as well as other damages.

235.     Moreover, Lee Graves and Graves Law Office, PC acted negligently in settling accounts for the sale.

236.     Lee Graves' and Graves Law Office, PC's behavior is documented in Southern District of Indiana case number 11-cv-00071.

237.     In the foregoing case, the Southern District of Indiana found the subject Asset Purchase Agreement was not ambiguous and should have been plainly read.

238.     However, Lee Graves, upon information and belief, argued for strained reading of ambiguities into the agreement, which that court rejected.

239.     This constituted negligence of Lee Graves, and upon information and belief, his law firm, Graves Law Office, PC.

240.     Lee Graves also acted negligently by, upon information and belief, providing false information to the District Court of the Southern District of Indiana and others during that litigation.

241.     In the end, the Southern District of Indiana found that One Call Locators, Ltd. and Lee Graves were liable for a breach of contract and conversion.

242.     Accordingly, Lee Graves and Graves Law Offices, PC strained reading caused harm and damages to ELM One Call Locators, Inc., and its owners Mr. Bielfeldt and Ms. Wales, in that the negligence of Graves and Graves Law Offices, PC resulted in costs of additional litigation and, possibly, settlement terms unfavorable to the coffers of ELM One Call Locators, Inc.

243.     It is expected that further legal malpractice by Lee Graves and Graves Law Office, PC will be uncovered through discovery in this litigation.

244.     Lee Graves and Graves Law Office, PC continually hid their negligence from the Plaintiffs and ELM One Call Locators, Inc.

245.     Accordingly, the Plaintiffs have only recently become aware of Lee Graves and Graves Law Office, PC's misbehavior, despite the Defendants' ethical and legal duty to act in the best interests of their clients and not engage in conflicted representation.

246.     During their representation of ELM One Call Locators, Inc., and the Plaintiffs, Lee Graves' and Graves Law Office, PC's negligence and conflicted representation caused damage in that (i) additional taxes were individually levied by the IRS on each of the Plaintiffs, (ii) ELM One Call Locators, Inc. had to both pay for both litigation and settlement of cases arising from their negligence, (iii) ELM One Call Locators, Inc. was denied sums of money it rightfully was owed under the USIC Asset Purchase Agreement, and (iv) this very litigation and its subject matter is the result of negligent legal advice, or failure to provide legal advice, proffered by Lee Graves and Graves Law Office, PC.

WHEREFORE, the Plaintiffs request that this Court enter judgment against the Defendants, namely Lee Graves and Graves Law Office, PC as follows:

a.     Awarding the Plaintiffs actual damages;

b.     Awarding the Plaintiffs their costs and attorneys' fees; and

c.     Any other relief this Court deems equitable and just

## JURY DEMAND

The Plaintiffs, pursuant to Federal Rule of Civil Procedure 38 demand a trial by jury on all triable issues.

Respectfully Submitted,
DAVID L. BIELFELDT and KAREN
WALES, by

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Estella Vallejo
John T.D. Bathke
Shay Phillips, Ltd.
456 Fulton Street
Suite 255
Peoria, Illinois 61602
T - (309) 494-6155
F - (309) 494-6156
jphillips@shay-law.com
evallejo@shay-law.com
jbathke@shay-law.com
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned certifies and states that he caused the foregoing document to be filed via the Court's CM/ECF System on **August 3, 2016**. Thus, the document has been served upon all counsels of record having entered their appearances, if any.

/s/ Jonathan LA Phillips