

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID L. BIELFELDT and KAREN WALES<br><br>Plaintiffs,<br><br>v.<br><br>JAMES BOURAZAK, LEE GRAVES, ELM ONE CALL LOCATORS, INC., and GRAVES LAW OFFICES, P.C., an Illinois Corporation,<br><br>Defendants. | Case No. 15-cv-1419 |

**DAVID BIELFELDT'S AND KAREN WALES'
MOTION TO DISQUALIFY DOYLE LOW
UNDER THE CORPORATE NEUTRALITY DOCTRINE AND
RULES OF PROFESSIONAL CONDUCT 1.9 AND 3.7**

David Bielfeldt and Karen Wales move this Court to disqualify Doyle Low LLP, a firm that has violated the corporate neutrality doctrine, violated Rule of Professional Conduct 1.9(a) by holding confidential adverse information and acting adverse to the former client who turned over that information, and under Rule 3.7, because its attorneys will be called as witnesses in this matter. In further support of the same, Plaintiffs state:

### Introduction

This motion is brought to disqualify Richard P. Doyle, Jr. and his law firm, Doyle Low LLP (collectively, "Doyle Low"), from serving as counsel for ELM One Call Locators, Inc. ("ELM-Parent"). Doyle Low should be disqualified from representing ELM-Parent under: (i) Rule 1.9(a) of the Illinois Rules of Professional Conduct; (ii) the rule of corporate neutrality; and (iii) Rule 3.7(b) of the Illinois Rules of Professional Conduct.

At this time, Plaintiffs do not request a disgorgement of fees paid to Doyle Low. Rather, they only ask the Court to appoint new independent counsel, preferably a local attorney or member of the Peoria County Bar Association (which has a lawyer referral hotline) as opposed to costly out-of-state counsel. Two of the three current directors of ELM-Parent are Defendants Graves and Bourazak. They have been accused of fraud. Unfortunately, because they constitute a conflicted majority, it is respectfully submitted that this Court appoint counsel for ELM-Parent, or devise a system for a truly independent counsel to be appointed. Insofar as the Court deems it necessary, the Plaintiffs believe an evidentiary hearing and oral argument could be appropriate.

## Law Regarding Disqualification

Motions to disqualify are substantive motions which are determined by applying standards developed under federal law." *In re Dresser Industries* Inc., 972 F.2d 540, 543 (5th Cir. 1992), see also, *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995). District courts have broad discretion in determining whether disqualification is appropriate in a given case. *Schloetter v. Railoc of Indiana*, Inc., 546 F.2d 706, 710 (7th Cir. 1986). Caution is warranted with regard to motions to disqualify because they can be used as a means of harassment and deprive a party of representation of their choosing. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982).

As furthered discussed below, courts have disqualified lawyers for each of the following: (i) representing a party in a suit in which the lawyer previously represented an adverse party absent the adverse party's consent; (ii) violating of the corporate neutrality rule; and (iii) representing a party when he or she may be called as a witness.

**Argument**

I. <u>Rule 1.9: Doyle Low's previous representation of David Bielfeldt on a matter directly related to this suit merits disqualification</u>

The Illinois Rule of Professional Conduct 1.9(a) states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

The ABA Model Rules, and the Restatement, contain similar prohibitions. See RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 132 (2000) ("[A] lawyer who has represented a client in a matter may not thereafter represent another client in the same or a substantially related matter in which the interests of the former client are materially adverse."), Ame. Bar Ass'n Model R. of Prof. Conduct, § 1.9(a).

Here, Doyle Low should be disqualified under Rule 1.9(a). Doyle Jannsen, now known as Doyle Low, provided counsel to Bielfeldt and received confidential information of Bielfeldt's. As indicated in Exhibit A, Mike Low engaged in discussions with Bielfeldt's accountant about confidential information in connection with a letter Bielfeldt, individually, received from the Internal Revenue Service. As it turns out, that information concerned tax issues relevant to the fraudulent scheme and unjust enrichment alleged by Plaintiffs in this case.

Now, Doyle Low currently represents ELM-Parent, a nominal defendant showing itself to be adverse to Bielfeldt through its filing of a counterclaim and its lawsuit against Bielfeldt in state court. Therefore, Doyle Low, who has failed to secure a waiver - and cannot secure one, has confidential information of Bielfeldt's relating to this matter. Thus, Rule 1.9(a) dictates that Doyle Low should be disqualified from representing Elm-Parent.

II. <u>Doyle Low should be disqualified for violating the Rule of Corporate Neutrality</u>

The doctrine of corporate neutrality is well-recognized. See, e.g., *Domanus v. Lewicki*, 891 F. Supp. 2d 929, 931-32 (N.D. Ill. 2012); *Sobba v. Elmen*, 462 F. Supp. 2d 944, 947-950 (E.D. Ark 2006); *Patrick v. Alacer Corp.*, 167 Cal. App. 4th 995, 84 Cal. Rptr. 3d 642, 652 (Cal. Ct. App. 2008); *Rowen v. Le Mars Mut. Ins. Co. of Iowa,* 282 N.W.2d 639, 645 (Iowa 1979); *Meyers v. Smith,* 251 N.W. 2d 21 (Minn 1933); 13 WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE THE LAW OF PRIVATE CORPORATIONS § 5997 (perm. ed., rev. vol. 2004);   *accord*, Note, *Federal Courts - Diversity of Citizenship: Corporations - Corporation in a Derivative Action Must be Realigned as Plaintiff When Not Denominated by Individual Defendants* (1954) 68 Harv. L.Rev. 193, 194, *Note, Defenses in Shareholders' Derivative Suits - Who May Raise Them* (1952) 66 Harv. L.Rev. 342, 343. Indeed, courts within the Seventh Circuit recognize the "rule of corporate neutrality" with respect to derivative claims, and have disqualified counsel for violations of the rule. *Domanus*, 891 F.Supp.2d at 931-32.

In *Domanus*, Plaintiff minority shareholders, individually and on behalf of a corporation, sued three individuals and two corporate entities. They alleged violations of RICO, conspiracy to violate RICO, fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, constructive trust, and civil conspiracy. *Domanus v. Lewicki,* 645 F. Supp. 2d 697, 699 (N.D. Ill. 2009). Plaintiffs brought derivative claims on the behalf of the corporate entities, but sought no relief from the corporate entities. *Domanus*, 891 F. Supp. 2d at 931. Following on the heels of the court's grant of plaintiffs' preliminary injunction against a direct defendant just the month prior, the *Domanus* court faced a motion by plaintiffs to disqualify nominal defendants' counsel, Locke Lord, and a motion to file a cross-claim by the nominal defendants. *Id.* at 930-931. It granted the plaintiffs' motion to disqualify and

denied the nominal defendants' motion to file the cross-claim. In doing so, the court relied on the rule of corporate neutrality. *Id.* at 930.

The court described the neutrality rule as follows, "[b]ecause the corporation is the real party in interest, the general rule is that a corporation may not participate in a derivative action on the merits unless it threatens rather than advances the corporate interest." *Id.* As was further explained in *Sobba*, a case cited by the *Domanus* court, if a nominal defendant company was allowed to defend a derivative action on the merits, a direct defendant could actually shift the costs of his defense to the corporation that he committed a tortious act against. *Sobba*, 462 F. Supp. 2d at 944. Even if the plaintiff's claims were proven, that court noted a nominal defendant still would have funded the defense of the direct defendants. Id. at 950. Based on the corporate neutrality rule, the *Sobba* court granted plaintiff's 12(f) motion, striking the nominal defendant's answer. *Id.*

Counsel for a nominal defendant company has a duty to protect the interests of the company. *Domanus*, 891 F. Supp. 2d at 931-932. The interest of the nominal defendant company is paramount and "should not be influenced by any interest of the individual corporate defendants." *Cannon v. U.S. Acoustics Corp.*, 398 F.Supp. 209, 216 (N.D. Ill. 1975), *rev. in part on other grounds*, 532 F.2d 1118 (7th Cir. 1976). In *Domanus*, the court found the efforts of Locke Lord, the nominal defendants' counsel, to be "unduly influenced by the direct defendants," violated the corporate neutrality rule, and disqualified Locke Lord for, essentially, doing work on their behalf. *Domanus*, 891 F.Supp.2d at 932.

In this case, Plaintiffs move to disqualify Doyle Low because, like Locke Lord in *Domanus*, Doyle Low has been unduly influenced by the direct defendants and violated the rule of corporate neutrality in this litigation - litigation that advances and does not threaten ELM-Parent's interest.

5

*This litigation advances ELM-Parent's interests*

The Plaintiffs have alleged actions against Graves and Bourazak, seeking among other things, actual damages, punitive damages, treble damages, disgorgement and attorney's fees. Dissimilarly, as to ELM-Parent, the Plaintiffs merely seek to have it act according to its governing documents and contracts, undo actions by the Defendants, and otherwise allow for a reasonable running of the company. Against Graves Law Offices, P.C. the Plaintiffs seek actual damages, attorney's fees, and other equitable and just relief.

The Complaint sets forth causes of actions for violations of the federal securities laws, violations of state securities laws, breach of fiduciary duty, breach of contract, mandamus, unjust enrichment, fraud, conspiracy to commit fraud, RICO, conversion, and malpractice. The only actions directed against ELM-Parent are the mandamus and breach of contract seeking to have ELM-Parent act in accordance with its contracts and governing documents. Importantly, in the derivative actions, Plaintiffs seek no actual damages. While the breach of contract claim seeks actual damages for Plaintiffs, those damages are sought from only Graves, since this claim is also brought derivatively on behalf of ELM-Parent and ELM-Parent is truly a plaintiff. *Sobba*, 462 F.Supp.2d at 944. While ELM-Parent is nominally named a defendant for pleading purposes, it is considered a plaintiff for relief purposes. Cannon, 398 F. Supp. 209; *Ross v. Bernhard*, 396 U.S. 531, 538 (1969); *Swanson v. Traer*, 230 F.2d 228 (7th Cir. 1956); 13 W. Fletcher, ENCYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS, § 5939, at 324 (1970). That is, ELM-Parent should receive damages from Graves as well.

According to the *Domanus* court, the test to determine whether a derivative suit threatens the corporation's interests is "whether the complaint seeks relief that is adverse to the corporation's interests." *Domanus*, 891 F. Supp. 2d at 936. Here, requesting ELM-Parent

6

to act according to its governing documents and contracts, undo actions by the Defendants, and otherwise allow for a reasonable running of the company, are not actions in any way threatening ELM-Parent's corporate interest. Rather, the only relief sought by Plaintiffs is for the corporation to do what a corporation should do in the normal and usual course of daily business - perform its contracts, fulfill its obligations and act according to it governing contracts and documents. Indeed, by doing so, ELM-Parent should only benefit.

In addition, the *Domanus* court noted that relief requesting "compensatory damages on behalf of the corporation under RICO, and punitive and compensatory damages under state law, including the imposition of a constructive trust for the benefit of the nominal defendant entities," also did not threaten the company. *Id* at 936. Similarly, in the instant case, any requests for actual, compensatory, and punitive damages on behalf of ELM-Parent do not harm ELM-Parent, they advance its interest.

*Pleadings, motions, and discovery by Doyle Low benefit the direct defendants and violate the corporate neutrality rule*

While ELM-Parent should have stood neutral when its corporate interests were not threatened, Doyle Low instead actively engaged in numerous actions in violation of the rule of corporate neutrality. They filed pleadings and motions when they should have stood on the sidelines as a nominal Defendant. They propounded numerous rounds of discovery, facially and admittedly for other Defendants. Moreover, they repeatedly threatened Plaintiffs' counsel with Rule 11 sanctions. These actions cannot be considered neutral.

Most recently, as Plaintiffs' pointed out in their opposition to ELM-Parent's 12(b)(6) motion to dismiss the malpractice count against Graves Law, Doyle Low filed the Motion to Dismiss. It should not have done so. ELM-Parent was not named in the malpractice action. Doyle Low does not represent Graves Law Offices, P.C. Despite Plaintiff's opposition, ELM-Parent did not withdraw their filing and the Court did not require them to do so.

7

Promptly following the court's ruling, Doyle Low propounded more discovery, all related to the malpractice claim and clearly benefitting Graves and Graves Law Offices, P.C., as Attorney Doyle admitted in an August 30, 2016 email. Exhibit B.

Recognizing the Seventh Circuit views motions to disqualify with a skeptical eye, Plaintiffs submit there is now more than sufficient reason to warrant disqualification of Doyle Low. Taking into account the recent 12(b)(6) motion filed by Doyle Low and hundreds of discovery requests sent on behalf other defendants (who have not served their own discovery) along with other action by Doyle Low, it has clearly aligned themselves with the direct defendants and seeks to defend the case on its merits. And that is before even looking at its actions in the Illinois courts.

*What are these actions and the evidence*

First, the pleadings and motions filed by Doyle Low that violate the law of corporate neutrality include:

(a)   ECF Doc. 24: Answer, Affirmative Defenses and Counterclaim. Sets forth ten affirmative defenses and a declaratory action counterclaim containing 88 paragraphs. Although couched as a declaratory action counterclaim, the counterclaim is really an attempt to defend the derivative claim. Just like the cross-claim in *Domanus*, where the court saw through the veiled attempt to defend the derivative claim by seeking leave to file a cross-claim, the court should likewise see through this counterclaim. *Domanus*, 691 F.Supp.2d at 936. Further, ELM-Parent's counterclaim seeks a declaration exactly requested in the Graves and Bourazak declaratory judgment counterclaim that "Mr. Graves" followed the Operating Agreement in valuating Plaintiffs' shares. Just like the concern expressed in *Sobba*, ELM-Parent should not be seeking a declaration as to Mr. Graves.

(b) ECF Doc. 36. Defendants' Combined Opposition to Motion to Dismiss Counterclaims. See the discussion above as to the Counterclaims. This combined motion evidences alignment by the direct Defendants and ELM-Parent.

(c) ECF Doc. 37. Defendants' Combined Motion in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses. This motion was a combined motion filed by ELM-Parent, Graves and Bourazak and constitutes a defense on the merits. The facts that the affirmative defenses by ELM-Parent and the direct Defendants are virtually identical and that they filed a combined motion evidences impermissible alignment by ELM-Parent with the direct defendants.

(d) ECF Doc. 48: Motion to Dismiss the Eleventh Cause of Action in the Second Amended Complaint. As discussed above, by filing this motion to dismiss an action not directed against it, ELM-Parent evidences its alignment with the direct defendants.

(e) ECF Doc. 69. Answer, Affirmative Defenses and Counterclaim. Sets forth ten affirmative defenses and a declaratory action counterclaim containing 90 paragraphs. Although couched as a declaratory action counterclaim, the counterclaim is really an attempt to defend the derivative claim. Just like the cross-claim in *Domanus*, where the court saw through the veiled attempt to defend the derivative claim by seeking leave to file a cross-claim, the court should likewise see through this counterclaim. *Domanus*, 691 F.Supp.2d at 936. Further, ELM-Parent's counterclaim seeks a declaration exactly requested in the Graves and Bourazak declaratory judgment counterclaim that "Mr. Graves" followed the Operating Agreement in valuating Plaintiffs' shares. Just like the concern expressed in *Sobba*, ELM-Parent should not be seeking a declaration as to Mr. Graves.

But that is not all. Doyle Low's discovery has violated the corporate neutrality rule. To date, ELM-Parent, by its own numbering, has served 107 requests for production. None

of the requests are needed by ELM-Parent. Rather, they are meant to defend Graves, Bourazak, and Graves' law firm. It has also served 187 requests for admission. Again, all of these requests clearly are meant to defend Graves, Bourazak, and Graves' law firm. Indeed, in an August 30, 2016 email, ELM-Parent's attorney plainly stated that he needed the discovery to forward to Graves Law Offices, P.C.'s malpractice insurance carrier. Notably, Messrs. Graves, Bourazak, and Graves Law Offices, P.C. have not served any discovery.

The foregoing actions of do not constitute neutrality. Doyle Low's actions far exceed the actions considered sufficient by the court to merit disqualification of the Locke Lord attorneys in *Domanus*. While Locke Lord at least made an attempt to abide by the corporate neutrality rule and sought leave to file their cross-claim, Doyle Low did not even do that. Doyle Low filed their pleadings without leave of the court, most recently asserting counterclaims and affirmative defenses on August 31, 2016.

   III. <u>Doyle Low attorneys will likely be a witness(es), so under Rule 3.7(b) it should be disqualified</u>

   Rule 3.7(b) of the Illinois Rules of Professional Conduct provides:

   If a lawyer knows or reasonably should know that the lawyer may be called as a witness, other than on behalf of a client, the lawyer may accept or continue representation until the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.

Doyle Low should be disqualified under Rule 3.7(b) as its attorneys may be called as witnesses by Plaintiffs to testify about several issues alleged to be part of the direct defendant's fraudulent scheme and unjust enrichment. In the present case, Doyle Low served as a lawyer to Graves and ELM-Parent in matters relevant to this suit and referenced in the Plaintiffs' complaint. See, e.g. Doc. 62, p. 34. These matters include the tax issues as previously discussed and matters related to USIC. Doc. 62, pp. 20, 23, 24, 28, 33, 35, 36.

USIC is also referenced in the counterclaims filed by ELM-Parent, which are also incorporated by the direct Defendants into their counterclaims ECF Doc 24, pp. 14.

Thus, Plaintiffs fully expect that Doyle Low will need to provide testimony related to a number of issues relevant to this suit. Doyle Low will need to provide testimony as to the services they provided in connection with the USIC purchase and litigation and their fees for such services. Such examination will be necessary to establish the services that Mr. Graves' firm actually provided (as opposed to others) and the basis fees paid by ELM-Parent to Mr. Graves. Doyle Low also worked on a number of other matters for ELM-Parent. Yet, Graves indicated in his declaration, attempting to justify his firm's fees charged to ELM-Parent, that he worked on many of the same matters. It will be necessary for Plaintiffs to establish what services Mr. Graves actually provided in these matters. This information cannot be determined by reference to any billings from Graves since Plaintiffs understand there is little or no documentation detailing the services he provided and for which he was paid by ELM-Parent.

There are no other witnesses who can testify as to the handling of these matters by Doyle Low other than Doyle Low. The necessity of testimony and availability of other witnesses are often criteria used in determining whether an attorney must testify. *See, e.g., Serpico v. Urso*, 127 Ill. App. 3d 667, 673 (4th Dist. 1984); *People v. Jackson,* 105 Ill. App. 3d 750 (4th Dist. 1982). In this case, the information that will be required from Doyle Low cannot be obtained from other witnesses.

The Plaintiffs submit that now is the time for Doyle Low to be disqualified. The final set of pleadings have just been filed by the parties. The case is still in the early stage of discovery. In *Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.*, the parties were admonished for waiting too long to bring the Rule 3.7(b) issue to the court's attention:

> In sum, both parties are at fault for creating this difficult situation. This is not a situation where Plaintiffs' counsel could not reasonably have foreseen that he would be called as a witness, nor is it a situation where Defendants moved to disqualify, or even brought the potential issue to the Court's attention, in a prompt manner. Simple fairness, then, requires the Court to do its best to balance the legitimate interests of both parties.

777 F. Supp. 690, 694 (C.D. Ill 1991). Because the parties delayed in bringing the issue to the court's attention, the court denied the motion. *Id.* at 695. Adhering to the *Greater Rockford* court's admonition that a party should be "prompt" in bringing up Rule 3.7 issues with the court, this motion is made now since the pleadings have just been solidified.

## Conclusion

Doyle Low should be disqualified on the basis of their violation of the Rules of Professional Conduct and the corporate neutrality rule. While motions to disqualify warrant caution because they can be used as form of harassment or may deprive a party of their choice of counsel, neither is the case here. The Plaintiffs have raised valid and substantial concerns and promptly presented ample evidence to support disqualification upon its discovery. Further, by granting the motion to disqualify Doyle Low and appointing new counsel, the Court actually will allow ELM-Parent to have counsel that will independently seek to protect the company's interest and coffers and not look to fund the defense of direct defendants accused of fraud and other significant wrongdoing.

Plaintiffs bring this motion now because the pleadings in this case were just solidified. While the court may question why Plaintiffs did not raise the issues earlier, Plaintiffs takes seeking this type of relief seriously and mindful of the burden they carry. We move at this time for two reasons: (i) The recent solidification of the pleadings in this case now provide the court with a clear yardstick against which to measure the actions of Doyle Low and (ii) the recent August 30, 2016, email in which ELM-Parent's attorney plainly stated that he needed the discovery to forward to Graves Law Offices, P.C.'s malpractice insurance

carrier. The case is still in its infancy and the appointment of new counsel should not disadvantage ELM-Parent, who in any event should be standing neutral in this derivative case that seeks to protect its interests and from whom no damages are sought.

          Respectfully Submitted,

          David Bielfeldt and Karen Wales, by

          /s/ Estella Vallejo
          Estella Vallejo
          Jonathan LA Phillips
          John T.D. Bathke
          Shay Phillips, Ltd.
          456 Fulton Street
          Suite 255
          Peoria, Illinois 61602
          T - (309) 494-6155
          F - (309) 494-6156
          E - evallejo@shay-law.com
              jphillips@shay-law.com
              jbathke@shay-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies and states that on September 2, 2016 she served the foregoing upon all counsels of record by filing the same via ECF, thereby serving all counsel of record. She also certifies that on the same day she placed a copy of the foregoing in the US Mail addressed to Graves Law Offices, P.C.'s registered agent as listed with the Illinois Secretary of State's Office.

          /s/ Estella Vallejo