UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID L. BIELFELDT and KAREN WALES, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES BOURAZAK, LEE GRAVES, ELM ONE CALL LOCATORS, INC., and GRAVES LAW OFFICES, P.C., an Illinois Corporation, <br><br> Defendants. | Case No. 15-cv-1419 |

**DAVID BIELFELDT'S AND KAREN WALES'
MOTION TO STRIKE ELM ONE CALL LOCATORS, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS UNDER RULE 12(F)**

David Bielfeldt and Karen Wales ask this Honorable Court to strike ELM One Call Locators, Inc.'s Answer, Affirmative Defenses, and Counterclaims. Doc. 69. Plaintiffs state:

**Introduction & Background**

ELM One Call Locators, Inc. ("ELM-Parent") has not remained neutral in these proceedings. The previously filed Motion to Disqualify fully explains the issue. Thus, for the purposes of this motion, the Plaintiffs will be brief.

In short, ELM-Parent must be neutral, as a nominal defendant. In being neutral, it should not be answering, asserting affirmative defenses or counterclaim. On August 30, 2016, ELM-Parent's attorney sent an email confirming that the corporate neutrality doctrine was, in fact, being violated – he was collecting information for a co-defendant.. Prior to that date, Plaintiffs could only infer that it was being violated and did not want to engage in motion practice based on inference. Moreover, ELM-Parent recently filed an amended answer, affirmative defenses, and new counterclaims with new allegations. Doc. 69

## Governing Law

The Plaintiffs filed a contemporaneous motion concerning the corporate neutrality doctrine. It mandates that a business entity in a derivative suit is a defendant in name only. Therefore, the business entity should not defend the action. *See, e.g. Domanus v. Lewicki,* 891 F.Supp.2d 929, 930 (N.D. Ill. 2009). That motion further fleshes out the law on this subject and this Motion. Its statement of law is adopted as if stated here.

Federal Rule of Civil Procedure 12(f) provides a means to strike pleadings and affirmative defenses. It can be used to prevent entertaining pleadings that violate the corporate neutrality doctrine. *Id.,* at 936 (denying leave for nominal defendant company in a derivative suit file a cross-claim), *see also, Sobba v. Elmen,* 462 F.Supp.2d 944, 950 (E.D. Ark. 2006) (striking answer of nominal defendant corporation in derivative suit).

## Argument

ELM-Parent is only a nominal defendant in this litigation. According to the corporate neutrality doctrine, it should remain neutral and not participate in the proceedings. By filing its amended answer, affirmative defenses, and counterclaims, it is not doing so. Accordingly, this Court should correct the course. It should strike Document 69.

As explained above, the corporate neutrality doctrine requires the company, ELM-Parent in this case, to be neutral when it is a mere nominal defendant in a derivative action. Here, the Plaintiffs do not seek damages from ELM-Parent. Rather, they only seek to benefit ELM-Parent by upholding its governing documents and obtaining damages from the true Defendants in the action for ELM-Parent. This case squares with two similar cases, both of which resulted in the Court refusing to entertain pleadings by the nominal defendants.

The first, the *Domanus* case, stemmed from an uncannily similar dispute. That is, certain majority shareholders of a company were alleged to have breached fiduciary duties,

engaged in practice barred by RICO, fraud, and otherwise worked to deprive the minority shareholders of the rights and incidences of their ownership. *Domanus v. Lewicki,* 891 F.Supp.2d 929, 930 (N.D. Ill. 2012). There, the nominal defendant asked for leave of court to file a cross-claim the Plaintiffs. The Court rejected the effort.

The Northern District of Illinois explained that nominal defendants cannot bring claims in response to a suit unless both the company remains neutral as to the plaintiffs claims and the derivative defendant is acting independently and on its own best interests. *Id.* at 936. Thus, in *Domanus*, the Court saw through the manufactured cross-claim and refused to entertain it. The Court should do the same here.

Here, like in *Domanus*, ELM-Parent brought a claim in response to the suit. The claim sets forth 90 paragraphs. ELM-Parent is seemingly trying to defend the suit against Lee Graves. In fact, the prayer for relief goes as far as to ask that the Court determine that "**Lee [] Graves**" followed the "Operating Agreement in valuating Plaintiff's shares and in taking steps to acquire those shares." Plainly, this is brought on behalf of Mr. Graves. It mirrors the relief sought in Mr. Graves' own counterclaim. Yet here, ELM-Parent is acting against its interest by paying Doyle Low, LLP to advance claims for Mr. Graves' benefit. Because it is not acting independently and being directed by conflicted directors in a way not in its best interests, this Court should not entertain its counterclaim and strike it.

The Eastern District of Arkansas dealt with a similar situation. In *Sobba v. Elmen*, a minority shareholder brought a derivative action on behalf of a corporation alleging breach of fiduciary duty, trademark infringement, and unfair competition. 462 F.Supp.2d 944, 945 (E.D. Ark. 2006). The suit was essentially a dispute between primary shareholders of several companies. *Id* at 950. That court recognized that "[w]hile the shareholder who brings the action is the nominal plaintiff, the corporation on whose behalf the action is brought is the

real party in interest, even though the corporation is named as a defendant sand served with process as a defendant." *Id.* at 946.

In *Sobba*, the nominal defendant company filed an answer. The Plaintiffs moved to strike. The nominal defendant company argued that it was too early to strike its Answer. 462 F.Supp.2d at 949-50. The court was unmoved. It pointed out that the nominal defendant corporation wanted the Plaintiffs to prove their case before a motion to strike, allowing the nominal defendant corporation to defend throughout most of the litigation. *Id.* at 950. The only test is what appears in the Complaint. *Id.* Notably, the Court pointed out if the plaintiff proves his case, the nominal defendant company would get recovery. If he could not, the company would lose nothing. *Id.* Thus, the court struck the nominal defendant company's answer. *Id.* at 951.

The case at hand is a similar situation. The parties are shareholders of a corporation. The Plaintiffs have brought a derivative action that would benefit ELM-Parent, if successful. Its answers and affirmative defenses are not neutral. They advance and defend the case on the merits. They should not have been filed. Accordingly, they should be struck under Rule 12(f).

Finally, the Plaintiffs note that if these pleadings are not stricken, they essentially clog up the docket. ELM-Parent cannot defend the action or progress its counterclaims without violating the corporate neutrality doctrine. Accordingly, this Court could use its inherent authority to manage its docket to strike the filing.

## Conclusion

ELM-Parent should be remaining neutral in this case. It is not. Its Answer, Affirmative Defenses, and Counterclaim all violate the corporate neutrality doctrine. The Court should, like other courts, utilize Rule 12(f) to strike these pleadings.

Respectfully Submitted,
David Bielfeldt and Karen Wales, by

/s/ Estella Vallejo
Estella Vallejo
Jonathan LA Phillips
John T.D. Bathke
Shay Phillips, Ltd.
456 Fulton Street
Suite 255
Peoria, Illinois 61602
T  -  (309) 494-6155
F  -  (309) 494-6156
E  -  evallejo@shay-law.com
       jphillips@shay-law.com
       jbathke@shay-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies and states that on September 2, 2016 she served the foregoing upon all counsels of record by filing the same via ECF, thereby serving all counsel of record. She also certifies that on the same day she placed a copy of the foregoing in the US Mail addressed to Graves Law Offices, P.C.'s registered agent as listed with the Illinois Secretary of State's Office.

/s/ Estella Vallejo