E-FILED
Friday, 21 October, 2016  02:08:10 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DAVID L. BIELFELDT, et al.,
    Plaintiffs,

v.

LEE C. GRAVES, et al.,
    Defendants.

Case No. 1:15-cv-01419-JEH

### Order

Before the Court are the Plaintiffs, David Bielfeldt's and Karen Wales's, Motion to Disqualify Counsel (D. 71), Motion to Strike the Answer to the Complaint and Counterclaims (D. 72), and Motion for a Protective Order (D. 76). Elm One Call Locators, Inc. ("Elm One"), the particular Defendant which is the target of these motions, has filed responses in opposition to all of them. (D. 79, 80, 78). For the reasons stated, *infra*, the motions are DENIED.

**I**

On October 6, 2015, Plaintiffs David L. Bielfeldt and Karen Wales filed their Complaint as individuals and on behalf of Elm One Call Locators, Inc. against Defendants James Bourazak, Lee Graves, and Elm One Call Locators, Inc. (Elm One). The Plaintiffs alleged that they brought their actions against Defendants Graves and Bourazak seeking, among other things, actual damages, punitive damages, treble damages, disgorgement and attorney's fees and costs, and they brought their actions against Elm One seeking to have it act according to its governing documents and contracts, undo actions taken by the Defendants, and otherwise allow for a reasonable running of the company. The Plaintiffs thereafter filed their first Amended Complaint on October 9,

2015, simply curing diversity jurisdiction allegations identified by the Court in a previous order but otherwise making no substantive changes. On March 18, 2016, the Court held a Rule 16 Scheduling Conference with the parties and set the deadline to amend pleadings/join parties to May 18, 2016. On May 18, 2016, the Plaintiffs filed their Second Amended Complaint (Doc. 46) against the original Defendants which included the following 11 counts: Count I Federal Securities Law; Count II Illinois Securities Law; Count III Breach of Fiduciary Duties; Count IV Mandamus; Count V Breach of Contract; Count VI Unjust Enrichment; Count VII Fraud; Count VIII Conspiracy to Commit Fraud; Count IX RICO; Count X Conversion; and Count XI Legal Malpractice.

On May 26, 2016, Defendant Elm One filed a Motion to Dismiss the Eleventh Count of the Second Amended Complaint, in which Defendants Bourazak and Graves joined on June 10, 2016. Defendants Bourazak and Graves filed their Motion to Dismiss Counts I-VIII and X and for More Definite Statement on June 7, 2016, and Defendant Elm One joined in their motion that same day. The Court denied the Motion to Dismiss Counts I-VIII and X and for More Definite Statement, and the Court also denied the motion to dismiss the derivative legal malpractice claim. It did, however, grant the motion to dismiss Count XI with respect to the legal malpractice claim brought in individual capacities. (D. 61).

Central to the Plaintiffs' three motions currently pending before the Court is their argument that Elm One is only a "nominal party," and, consequently, according to the "corporate neutrality doctrine," its counsel should be disqualified for violating this doctrine; its amended answer, affirmative defenses, and counterclaims should be stricken for violating the doctrine; and a protective order should enter precluding Elm One from seeking discovery from the Plaintiffs. Elm One responds that it is not a

nominal party, and, consequently, the corporate neutrality doctrine is inapplicable.

## II
### A

Although the Plaintiffs assert that "the doctrine of corporate neutrality is well-recognized," (D. 71 at p. 4), it cites only one federal, 2012 case from the Northern District of Illinois in support of this proposition—a case which has never been cited by another case in any jurisdiction and a case which cites only to two California appellate court cases when discussing the doctrine. *Domanus v. Lewicki*, 891 F. Supp. 2d 929, 932 (N.D. Ill. 2012). The Court's own search for binding, Seventh Circuit authority discussing the doctrine has turned up nothing, which may explain the Plaintiff's reliance upon only the *Domanus* case—weak persuasive authority. To state that the doctrine is "well-established" is an overstatement at best.

Regardless, *Domanus* posits that, according to the corporate neutrality doctrine, "[b]ecause the corporation is the real party in interest, the general rule is that a corporation may not participate in a derivative action on the merits unless it threatens rather than advances the corporate interest." 891 F. Supp. at 932. Central to the applicability of this doctrine in *Domanus* was the fact that the corporation in that case was truly a "nominal party" only. *Id.* at 931-32. The corporation there was the "real party in interest" and "[a]ny recovery Plaintiffs obtain would go to the [corporate] entities." *Id.* Neither of the factual prerequisites to application of this doctrine are present here.

As Elm One argues, there is more alleged in the Plaintiffs' Complaint than a derivative shareholder action. Count IV, for mandamus, is brought directly against Elm One. (D. 62 at pp. 20-22). Plaintiffs seek the following relief, directly from Elm One: "Ordering Defendant ELM One Call Locators,

Inc. to set aside the issuance of stock, to reign in Mr. Grave's behavior, and to enforce the Stock Restriction Agreements; *Allowing David Biefeldt and Karen Wales to have and recover their costs from ELM One Call Locators, Inc.*" *Id.* at pp. 21-22 (emphasis added). If Plaintiff's ultimately obtained the relief they seek in this Count, such relief would not go to the corporation, as it did in *Domanus*; it would go directly to the benefit of the Plaintiffs alone *from* the corporation. The same is true for Count V, a Breach of Contract action brought against Elm One. Again, the relief sought in this Count would inure solely to the benefit of the Plaintiffs, not Elm One, against whom this Count is pleaded. These counts sufficiently defeat the Plaintiffs attempt to shackle Elm One and prevent it from defending itself.

The Plaintiffs' failed attempt to apply the corporate neutrality doctrine to Elm One in this case dooms both its Motion to Strike the Answer to the Complaint and Counterclaims (D. 72) and their Motion for a Protective Order (D. 76). It also dooms that portion of its Motion to Disqualify Elm One's counsel, which relies upon application of the doctrine.

### B

Plaintiffs' Motion to Disqualify Counsel relies on more than just the corporate neutrality doctrine and, accordingly, the Court addresses those additional bases. Specifically, the Plaintiffs argue that Elm One's attorney, Richard Low, and his firm, Doyle Low LLP, (collectively referred to herein as "Doyle Low") must be disqualified from representing Elm One under the Illinois Rules of Professional Conduct because 1) Doyle Low previously represented Bielfeldt and 2) Richard Doyle or Michael Low may be called as witnesses. Both of these arguments are specious.

Specifically, in support of Plaintiffs argument that Doyle Low previously represented Bielfeldt, they direct the Court to a lone email

exchange from Mike Low to Lee Graves, with Bob George and David Bielfeldt cc: recipients, along with Bielfeldt's reply.  (D. 71-1). Nothing about this email suggests an attorney-client relationship between Low and Beilfeldt. Nothing. And, the Plaintiffs did not offer an affidavit from Bielfeldt or anyone else asserting that such a relationship existed. Elm One, however, submitted to the Court affidavits of Richard Doyle and Michael Low which clearly demonstrate that neither of them, nor their firm, ever represented Bielfeldt. (D. 79-1 at pp. 11; D. 79-2 pp. 2-6).

Regarding Plaintiffs argument that these attorneys may be called as witnesses, their argument in this regard is mostly speculation and conjecture, unsupported by facts. Assuming the Plaintiffs' argument is something more than a thinly veiled threat to call Elm One's counsel for the purpose of inappropriately seeking to gain an advantage in this litigation by depriving Elm One of the counsel of its choice, any attempt to disqualify Doyle Low is at best premature. Even if an attorney may eventually be called as a witness, that fact does not disqualify counsel from other phases of litigation. *See Merbury Vapor Processing Technologies, Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 788-89 (N.D. Ill. 2008). Indeed, "disqualifying a lawyer is 'very circumstance specific,' and often these circumstances are not fully revealed until the case progresses." *Id.*, *quoting In re DeVlieg, Inc.*, 174 B.R. 497, 504 n. 8 (N.D. Ill. 1994). Here, as in *Merbury*, "it is entirely conjectural what claims, if any, will proceed to trial, let alone whether [the attorneys in question] will be called as a witness." *Id.* at 789.

## III

For the reasons stated, *supra*, the Plaintiffs' Motion to Disqualify Counsel (D. 71), Motion to Strike the Answer to the Complaint and Counterclaims (D. 72), and Motion for a Protective Order (D. 76) are DENIED.

5

The Court reminds Plaintiffs' counsel of the provisions of Federal Rule of Civil Procedure 11; federal motions practice is not "throw against the wall and see what sticks" practice.

*It is so ordered.*

Entered on October 21, 2016

s/Jonathan E. Hawley<br>U.S. MAGISTRATE JUDGE