IN THE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

| | |
|---|---|
| DAVID L. BIELFELDT, et al., <br>      Plaintiffs, <br><br> v. <br><br> LEE C. GRAVES, et al., <br>      Defendants. | Case No. 1:15-cv-01419-JEH |

### Order

Before the Court are the Defendants, Lee Graves's and Graves Law Office, P.C.'s, Motion to Sever Count XI of Plaintiffs' Third Amended Complaint (D. 91)[1] and Motion to Dismiss Count XI of Plaintiffs' Third Amended Complaint (D. 93). Plaintiffs, David Bielfeldt and Karen Wales, have filed responses in opposition to both motions. (D. 99, 100). For the reasons stated, *infra*, Defendants' motions are DENIED.[2]

### I

In October 2015, Plaintiffs David L. Bielfeldt and Karen Wales filed their Complaint as individuals and on behalf of Elm One Call Locators, Inc. against Defendants James Bourazak, Lee Graves, and Elm One Call Locators, Inc. (Elm

---

[1] Citations to the Docket in this case are abbreviated as "D. __."
[2] The undersigned presides over this case with the consent of all parties. (D. 22, 23, 103, 104).

1

One). (D. 1). Plaintiffs filed their First Amended Complaint three days later, curing diversity jurisdiction allegations identified by the Court but otherwise making no substantive changes. (D. 6).

In March 2016, the Court held a Rule 16 Scheduling Conference with the parties and set the deadline to amend pleadings/join parties for May 18, 2016. On that date, the Plaintiffs filed their Second Amended Complaint against the original Defendants which included the following 11 counts: Count I Federal Securities Law; Count II Illinois Securities Law; Count III Breach of Fiduciary Duties; Count IV Mandamus; Count V Breach of Contract; Count VI Unjust Enrichment; Count VII Fraud; Count VIII Conspiracy to Commit Fraud; Count IX RICO; Count X Conversion; and Count XI Legal Malpractice. (D. 46). Plaintiffs also added Graves Law Office, PC as a Defendant. *Id.*

In May 2016, Defendant Elm One filed a Motion to Dismiss the Eleventh Count of Plaintiffs' Second Amended Complaint, arguing, *inter alia*, the Complaint failed to state a claim upon which relief could be granted. (D. 48 at pg. 1). Defendants Bourazak and Graves joined in this motion in June 2016. (D. 54). Defendant Graves Law Office, PC, did not. The Court granted Defendants' Motion to Dismiss Count XI with respect to Plaintiffs' legal malpractice claims brought against Defendants Graves and Graves Law Office, PC, individually. (D. 61 at pg. 7). The Court further found, however, Plaintiffs had sufficiently alleged a derivative legal malpractice claim against Defendants Graves and Graves Law Office, PC. *Id.*

Plaintiffs filed their Third Amended Complaint (D. 62) and Defendants Lee Graves and Graves Law Office, P.C., ultimately filed the motions presently before the Court. Defendants' Motion to Sever Count XI of Plaintiffs' Third Amended Complaint alleges that without severing Count XI from the rest of Plaintiffs' claims, the eventual jury in this case will be confused, potentially resulting in

prejudice to the parties. (D. 92 at pg. 2). Defendants' Motion to Dismiss Count XI of Plaintiffs' Third Amended Complaint asserts that Plaintiffs' legal malpractice claim fails to state a claim upon which relief can be granted for a variety of reasons. (D. 93-1 at pg. 5). Defendants further argue, in the alternative, that the Court should order Plaintiffs to provide a more definitive and concise statement of Count XI. *Id.* at pg. 11. The Court addresses each of Defendants' arguments in turn.

## II

### A

First, Defendants argue Count XI should be severed from the remaining counts in Plaintiffs' Third Amended Complaint because they present separate questions of law that are likely to confuse the jury and result in prejudice to the parties. (D. 92 at pg. 7). In response, Plaintiffs aptly highlight that Defendants' motion relies heavily on an argument for separate trials. (D. 99 at pg. 1). Indeed, Defendants' sole rationale for severance—jury confusion resulting in prejudice—pertains only to the trial phase of litigation. Defendants argue there is a strong risk of jury confusion in assessing Graves' actions in his separate roles as an attorney, a corporate officer, and a shareholder. (D. 92 at pg. 10-11). The Plaintiffs do not oppose a separate trial for Count XI. They argue, however, that granting severance before the trial phase is inefficient. Plaintiffs cite Federal Rule 20, arguing that the Court should deny Defendants' motion for severance. Fed. R. Civ. P. 20.

### B

Defendants bring their motion to sever pursuant to Federal Rules of Civil Procedure 21 and 42(b). Fed. R. Civ. P. 21, 42(b). Rule 21 gives the Court "broad discretion" in deciding whether to sever a claim. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). Rule 42(b) states, in relevant part, "For convenience, to avoid prejudice, or to expedite and economize, the court may

3

order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FRCP 42(a) specifically permits separation where the court determines that separate trials would avoid prejudice to a party or promote judicial economy. *Houseman v. US Aviation Underwriters*, 171 F3d 1117, 1121 (7th Cir. 1999). Only one of those criteria must be met for a court to order separation. *Id*. Neither criteria is met in the case at bar at this stage of the litigation.

### C

The Court agrees with the Plaintiffs that Rule 20 applies. Fed. R. Civ. P. 20. "The purpose of Rule 20(a) in permitting joinder in a single suit of persons who have separate claims, albeit growing out of a single incident, transaction, or series of events, is to enable economies in litigation . . . ." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). The Court is further guided by the notion that the tests of Rule 20(a) are "to be read as broadly as possible whenever doing so is likely to promote judicial economy." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, RICHARD L. MARCUS & ADAM N. STEINMAN, FEDERAL PRACTICE & PROCEDURE § 1653 (3d ed. 2015); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

The Court finds that at this stage of the litigation, severance of Plaintiffs' legal malpractice claim into a separate lawsuit would lead to judicial inefficiency and potentially cause additional expense to the parties. There is sufficient overlap between the alleged underlying events that there will almost certainly be overlap in the discovery that is conducted, particularly in regard to the witnesses to be deposed and the information to be gathered. If all parties and issues remain in the case by the time this case gets to trial, there is potential for jury confusion or prejudice to the parties. At this juncture, however, that remains to be seen. After

discovery has concluded and all dispositive motions are filed, there could also be a relatively simple remedy to any potential confusion or prejudice. At this point, the Court—as well as the parties—simply do not know. Defendants' motion for severance is therefore DENIED WITHOUT PREJUDICE.

Insofar as the Defendants' expressed concerns about the risk of confusion and prejudice towards the parties should this case proceed to a single trial involving all of the Plaintiffs' claims, there are safeguards available to the Court and the parties to mitigate any unfairness that may result from the denial of the Defendants' Motion to Sever Count XI. *See, e.g.*, FED. R. CIV. P. 20(b) ("The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party"). Moreover, the parties are given leave to file a properly supported motion for separate trials pursuant to whichever applicable, suitable authority the parties so choose at the appropriate time after discovery closes and the Court rules on motions for summary judgment, if any.

### III.

### A

Next, Defendants claim Count XI of the Plaintiffs' Third Amended Complaint should be dismissed pursuant to Federal Rules 12(b)(6) and 12(e). Specifically, Defendants argue (1) Plaintiffs' individual legal malpractice claim fails to establish that Plaintiffs had an attorney-client relationship with Defendants; (2) certain allegations in Plaintiffs' individual legal malpractice claim are barred by the statute of repose for legal malpractice; (3) Plaintiffs' derivative legal malpractice claim does not properly plead a cause of action; and (4) certain allegations in Plaintiffs' derivative legal malpractice claim are barred by the statute of limitations for legal malpractice. (D. 93-1). Defendants further argue in the

alternative that they are entitled to a more definite and concise statement of Count XI. *Id*.

In ruling on the Defendants' Motion to Dismiss Count XI of Plaintiffs' Second Amended Complaint, the Court addressed some of the issues presently before it. (D. 61). The Court's decision became the law of the case and governs subsequent proceedings. *Vidimos, Inc. v. Wysong Laser Co., Inc.*, 179 F.3d 1063, 1065-66 (7th Cir. 1999). Thus, the Court need not address any duplicative issues that arise in the motions presently before it.

Relevant to the Motion to Dismiss before the Court now, Defendants argued in their prior motion to dismiss Count XI that (1) Plaintiffs did not sufficiently allege the necessary elements of a legal malpractice cause of action against the Defendants, derivatively or as individuals; and (2) Plaintiffs' claim in Count XI against the Defendants individually was barred by the statute of limitations. (D. 48-1). Plaintiffs countered Defendants' motion with several arguments. (D. 52). Among them, Plaintiffs argued the statute of repose permitted their malpractice claim to go forward. *Id*. at pg. 17.

The Court found Plaintiffs were "correct" in their assertion that Plaintiffs' legal malpractice claim was not subject to dismissal where the statute of repose allows them six years from the date on which an action or omission occurred to commence their action. (D. 61 at pg. 9). Further, the Court found that Plaintiffs had "not pled themselves out of court based upon the statute of limitations" for a legal malpractice claim. *Id*. at pg 10. Plaintiffs, in their Third Amended Complaint, revised Count XI to include more detailed allegations, not less. (D. 62 at pg. 29-35). None of the additional information provided negates the Court's first analysis of these issues. Thus, the Court need not address, again, the applicability of the statute of limitations or the statute of repose to Plaintiffs' legal malpractice claim.

The Court also found in ruling on Defendants' prior motion to dismiss Count XI that Plaintiffs' derivative legal malpractice claim in their Second Amended Complaint was sufficient, primarily due to the inclusion of Paragraph 237. (D. 61 at pg. 7). The substance of this Paragraph remains in Plaintiffs' Third Amended Complaint in Paragraph 246. (D. 62 at pg. 35). Accordingly, the Court need not address whether Plaintiffs' derivative legal malpractice claim is properly pled, again.

Lastly, in its prior ruling, the Court also addressed Defendants' general contention that it was entitled to more definitive and concise statements pursuant to Federal Rule 12(e). (D. 61 at pg. 3). Defendants bring the same argument now against Count XI. They could have raised this issue in response to Plaintiffs' Second Amended Complaint, which contained Count XI, but did not. As stated previously, "The Court will not allow a second bite at the apple where the Defendants could have made this challenge after [a prior] Complaint was filed." *Id*. at pg. 4. This logic still applies. Defendants forfeited the issue.

Thus, the only remaining issue before the Court is whether Plaintiffs' individual legal malpractice claim fails to establish an attorney client relationship. Defendants argue, pursuant to Federal Rule 12(b)(6), that Count XI of Plaintiffs' Third Amended Complaint should be dismissed because Plaintiffs have not established an attorney-client relationship with Defendants Graves and Graves Law Office in their individual capacities. (D. 93-1 at pg. 5-6). In response, Plaintiffs argue otherwise, specifically pointing to paragraphs 205-211 of their Third Amended Complaint. (D. 100 at pg. 3).

**B**

Federal jurisdiction over the state common law claims in this case is premised on the Court's power of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. (D. 62 at pg. 4). Therefore, the Court must look to Illinois state law, the

7

State in which this Court sits, to determine the governing law in Plaintiffs' legal malpractice claim. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938). "The Supreme Court of Illinois has stated succinctly that a cause of action for legal malpractice includes the following elements: 1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney, 2) a negligent act or omission constituting a breach of that duty, 3) proximate cause of injury, and 4) actual damages." *West Bend Mutual Ins. Co. v. Schumacher*, 844 F.3d 670, ___ (7th Cir. 2016) (citing *Sexton v. Smith*, 492 N.E. 2d 1284, 1286-87 (Ill. 1986)). In order to survive a motion to dismiss, a complaint must contain enough factual matter that if accepted as true would state a claim to relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## C

When first addressing this issue, the Court found the individual legal malpractice claim in Plaintiffs' Second Amended Complaint was insufficient because it failed to establish that the Defendants owed the Plaintiff client a duty of care arising from an attorney-client relationship. (D. 61 at pg. 6). The Court further found Plaintiffs had sufficiently alleged the remaining elements of the claim. *Id.* at pg. 7.

Now, the Plaintiffs' pleading as to the first element amounts to sufficient allegations under *Twombly* and *Iqbal*. Plaintiffs' Third Amended Complaint alleges several facts that, if accepted as true, could arguably entitle Plaintiffs to relief in their legal malpractice claim. (D. 62 at pg. 29-30). Most notably, Plaintiffs claim they understood Defendants "to be their attorneys for many years, including into 2015" and that Defendants provided legal services directly to them. *Id.* at pg. 29. Plaintiffs also provide some examples of instances where Defendants provided legal services to Plaintiffs. *Id*. Though Defendants may dispute these allegations,

8

they are, if accepted as true, sufficient to establish that an attorney-client relationship existed.

Defendants' reliance on *People v. Sims*, 736 N.E.2d 1092, 1117 (Ill. App. Ct. 2000), is misplaced. They construe *Sims* to stand for the proposition that an attorney-client relationship can only be established by proving there was a fee agreement or documented proof of payment for legal fees between the parties. (D. 93-1 at pg. 6). This simply is not accurate. Plaintiffs' reliance on *Meriturn Partners, LLC v. Banner & Witcoff, Ltd.*, 31 N.E.3d 451 (Ill. App. Ct. 2015) in response is persuasive. Under Illinois law, whether an attorney-client relationship exists is a question of law which frequently turns on findings of fact. *Id*. at 456. "[F]indings of fact often must be made concerning the formation of the attorney-client relationship to, for example, resolve disputes concerning communications, acts under taken, or the parties' respective understandings." *Id*. Given the disputed nature of the relationship between the parties, this is a case where findings of fact are necessary. Therefore, Defendants' Motion to Dismiss is DENIED.

## IV

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Defendants' Motion to Sever Count XI of Plaintiffs' Third Amended Complaint pursuant to Federal Rules 21 and 42(b). (D. 91). Additionally, the Court DENIES Defendants' Motion to Dismiss Count XI of Plaintiffs' Third Amended Complaint pursuant to Federal Rule 12(b)(6) and 12(e), as well. (D. 93). Defendant ELM One's Motion to Compel (D.96) remains set for oral argument on February 7, 2017 at 2:00 PM in person in Courtroom C.

*It is so ordered.*

Entered on January 19, 2017
s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE