```
                  UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF ILLINOIS
                         PEORIA DIVISION


DAVID L. BIELFELDT, et al, ) Docket No. 15-cv-1419
                           )
     Plaintiffs,           )
                           ) April 28, 2017
vs.                        )
                           )
LEE C. GRAVES, et al,      )
                           )
     Defendants.           )



                   RECORD OF PROCEEDINGS
                    STATUS CONFERENCE
           BEFORE THE HONORABLE JONATHAN E. HAWLEY
                UNITED STATES MAGISTRATE JUDGE








              Nancy Mersot, CSR, RPR
        United States District Court Reporter
              100 N.E. Monroe Street
                 Peoria, IL  61602


Proceedings recorded by electrical sound recording;
proceedings recorded by mechanical stenography from
said recording; transcript produced by computer.
```

```
 1                         THE APPEARANCES

 2

 3              JONATHAN PHILLIPS, ESQ.
                MELISSA SCHOENBEIN, ESQ.
                ESTELLA VALLEJO, ESQ.
 4                 Shay Phillips, Ltd.
                456 Fulton St., Suite 255
 5                    Peoria, IL  61602
               On behalf of the Plaintiffs
 6

 7

 8                  SAMUEL ZABEK, ESQ.
                 Graves Law Offices, P.C.
 9                60 State St., Suite 201
                    Peoria, IL  61602
10         On behalf of Defendants Graves, et al.

11

12

13                RICHARD DOYLE,JR., ESQ.
                       Doyle Low Llp
14          3640 Mt. Diable Blvd., Suite 202
                   Lafayette, CA  94549
15    On behalf of Defendant ELM One Call Locators, Inc.

16

17

18

19

20

21

22

23

24

25
```

```
 1            (Proceedings were held via telephone.)
 2            THE COURT:  This is case number 15-cv-01419.
 3       Do I have Estella Vallejo on the line?
 4            MS. VALLEJO:  Yes.
 5            THE COURT:  Miss Schoenbein?
 6            MS. SCHOENBEIN:  Yes.
 7            THE COURT:  Mr. Phillips?
 8            MR. PHILLIPS:  Yes, Your Honor.
 9            THE COURT:  Mr. Zabek?
10            MR. ZABEK:  Yes, Your Honor.
11            THE COURT:  Mr. Doyle?
12            MR. DOYLE:  Yes, Your Honor.
13            THE COURT:  We were unable to reach
14  Mr. Keller or Hanson.  I assume that -- from that,
15  that because they represent the Graves Law Office,
16  this doesn't really concern them directly, that they
17  did not intend to be on the call.
18            Does anyone have any different information
19  from that or thinks that we need them on the call?
20            UNIDENTIFIED NEW SPEAKER:  I would agree
21  with you, Your Honor.  I don't think that they need
22  to be on it, just like I wasn't on the last call.
23            THE COURT:  Okay.  That's what I thought.  I
24  just wanted to confirm that.
25            As you all know, a notice regarding some
```

1  discovery issues was filed back on April 18th.  I
2  got the response that Mr. Zabek filed today.  So I
3  do have a couple questions for plaintiffs' counsel.
4          In paragraph 8 of the response, it notes
5  that you all had a meet and confer in early March
6  around the time at which I extended the time for
7  filing any discovery motions.  And that paragraph
8  notes that they sent on March 8th a number of
9  responses based on that meet and confer and in an
10 effort to satisfy the concerns that were identified
11 in that meet and confer after we had our previous
12 hearing.
13         And then in paragraph 10, Mr. Zabek notes
14 that since that last exchange, he has had no
15 communication with plaintiffs' counsel about any
16 discovery issues.
17         Is that accurate?
18         MR. PHILLIPS:  Your Honor, this is Jonathan
19 Phillips.
20         We did have -- I don't know if the exact
21 time was early March.  We had several extensions of
22 time for Mr. Zabek to get responses to us.  But we
23 -- after we got the responses, they have changed
24 significantly, and we have not talked since.  The
25 reading of -- the way we read the transcript was we

1  weren't sure whether we should get ahold of you to
2  try to wrap this whole thing up; we had to talk to
3  Sam about -- but in the end, it is just a matter of
4  the same stuff we talked about before which is
5  mostly -- sorry -- 33(d) issues.
6          THE COURT:  Well, it's not the same stuff,
7  right?  They provided -- you had a meet and confer.
8  They provided revised responses to the first set of
9  interrogatories:  Lee Graves' Revised Response to
10 Karen Wales' First Request to Produce, Lee Graves'
11 Revised Response to Karen Wales' Second Request to
12 Produce, Jim Bourazak's Revised Response to David
13 Bielfeldt's Second Set of Interrogatories, and Lee
14 Graves' Revised Response to Karel Wales' Fourth
15 Request for Admissions.
16          So those are documents that were provided in
17 response to the initial issues, correct?
18          MR. PHILLIPS:  Yes, Your Honor.
19          THE COURT:  Okay.  And you have had six
20 weeks to confer with counsel about issues you have
21 had with that.  And in fact, I gave you an extension
22 as one of bases for that extension that you were
23 going to try to resolve any of the remaining issues,
24 correct?
25          MR. PHILLIPS:  We thought that -- as far as

1  the remaining issues, that was mainly focused,
2  frankly, on trying to get the stipulation and stuff
3  in order but, but, yes, I understand the basis was
4  for that.
5          I just note also that I was on vacation for
6  a significant amount in March, which I let all
7  opposing counsel know about that back in December.
8  And we had also asked for redline versions, so we
9  kind of ran up against a timetable issue as well,
10 Your Honor.  But the point is taken, we haven't met.
11 There was -- some time had passed, but we,
12 essentially, were out of the office for a good chunk
13 of that time.
14         THE COURT:  Well, the reason I gave you the
15 extension was -- that's what the motion said that
16 you wanted to try to resolve the remaining disputes,
17 that's why I gave you the extension, that was the
18 reason why.  There was no qualification to that,
19 that you asked for it.  And now six weeks have gone
20 by and you have not done what you said you needed
21 the time to do in the motion to extend.  I mean, is
22 that -- that's accurate, isn't it?
23         MS. SCHOENBEIN:  Your Honor, this is Melissa
24 Schoenbein.  The responses that we received from
25 Mr. Zabek on March 8th changed significantly, and we

1  had to spend many hours going through and comparing
2  his revised response, his original response, and
3  that's part of the delay and part of the reason why
4  we didn't reach out and why it's taken so long to
5  bring it to the Court's attention.
6          THE COURT:  Let's see.  Paragraph seven of
7  the motion.  Moreover, the parties are still working
8  out issues with whether certain documents and
9  computer files first produced will or can be used,
10 etcetera, etcetera.  Additionally, issues concerning
11 the supplementation of responses after the close of
12 discovery are being worked on.  Additional time to
13 try and resolve these disputes, and, two, to bring
14 them to the attention of the Court.  The reason for
15 a longer than 30 days request of time is that
16 undersigned has had a previously scheduled vacation
17 taking up the middle of March 2017.
18          These are all things that you knew when you
19 filed the motion and I extended the time.  And the
20 fact of the matter is after multiple, repeated
21 attempts to satisfy plaintiffs' discovery attempts
22 on the part of the defendants at issue in this
23 motion, you know, you waited until the entire
24 deadline almost expired to file not even a motion
25 but a notice without any conferral.  So, I mean

```
 1  those are the facts.  There is no way around those
 2  facts.
 3          The fact of the matter is nothing you have
 4  said you didn't know at the time.  You have burned
 5  through that time.  You have not attempted to
 6  confer.  And quite frankly, based on the
 7  continued -- I mean, it's either they are giving you
 8  too much, they are not giving you enough, the burden
 9  on the defendants at this point in attempting to
10  comply with discovery requests, which frankly at the
11  last hearing were poorly-worded, overbroad, and we
12  discussed that at length, that's why I directed you
13  to confer.  And I have virtually no confidence that
14  no matter what the defendants do regarding
15  responding to discovery requests to the plaintiffs
16  at this point will ever be satisfied.  And even if I
17  thought they would, frankly, you're out of time.
18  You should have brought this -- you should have
19  conferred and had 45 extra days that I gave you for
20  that purpose which you didn't use.  All of the
21  factors that you're saying to me as to why you
22  didn't communicate one time with defendants' counsel
23  during that period are things that you put in the
24  very motion asking for the time.
25          So, discovery -- I made it clear when we
```

```
 1  were here before that discovery needs to end in this
 2  case.  You should have more than enough then to make
 3  out your case given the discovery that's gone
 4  through and up to this point.
 5          And frankly, you know, I am not going to
 6  burden the defendants further.  I just don't see
 7  that the benefit of any additional discovery at this
 8  point is going to outweigh the burden that has
 9  already been placed on the defendants.  And frankly,
10  I have been very liberal in dealing with these
11  repeated discovery issues.  Some of which were
12  precipitated by poor formulation of discovery
13  responses in the first instance.  So, no, I'm not
14  extending the deadline.  No, I'm not giving you
15  permission to file a motion to compel.  And, yes,
16  discovery as to these defendants, with the exception
17  of the discovery that's going on as to the Graves
18  Law firm, is closed.
19          So, that is my ruling.
20          We will be in recess.
21          MR. PHILLIPS:  Judge --
22          (Which were all of the proceedings had in
23          this case on this date.)
24                      *****
25
```

1
2         I certify that the foregoing is a correct
3 transcript, to the best of my ability, from the
4 electrical sound recording of proceedings in the
5 above-entitled matter.
6
7
8
9 s/Nancy Mersot          Date:  May 10, 2017
10 Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25