IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID L. BIELFELDT, et al.,<br>    Plaintiffs,<br><br>v.<br><br>LEE C. GRAVES, et al.,<br>    Defendants. | Case No. 1:15-cv-01419-JEH |

### Order

Before the Court are Defendants' motion for attorneys' fees (D. 141) and the responding attorneys' motion to strike certain declarations submitted in support of the Defendants' motion (D. 167).[1] For the reasons stated, *infra*, the motion for attorneys' fees is denied and the motion to strike is moot.

This Court granted summary judgment in favor of the Defendants on the Plaintiffs' federal claims in this case and declined to exercise jurisdiction over the remaining, state law claims. (D. 139). Defendants assert they are now entitled to attorneys' fees based upon Federal Rule of Civil Procedure 11; the Private Securities Litigation Reform Act, 15 U.S.C. §§ 77-z1(C)(1) & 78u-4(c)(1); and 28 U.S.C. § 1927.

---

[1] On Janury 17, 2018, this Court granted the Defendants' motion to file a Reply (D. 176) and gave them until January 26, 2018 to file it. However, upon review of the filings in this matter, and in the interest of avoiding additional attorney fees on the part of the Defendants, the Court concludes that it has all the information it needs to rule on the matters now pending before it. Moreover, this Court has an obligation to rule promptly on the motion for attorney fees because, if this Court's order is appealed before the currently pending appeal on the merits is briefed and argued, then the appeal of this Order can be consolidated with the pending appeal and be considered by the Court of Appeals in one consolidated case. *See Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980).

1

# I

## A

The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164, 192 L. Ed. 2d 208 (2015), *quoting Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 252–253, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010) (internal quotation marks omitted). As the Supreme Court notes in *Baker Botts*:

> The American Rule has roots in our common law reaching back to at least the 18th century, see *Arcambel v. Wiseman,* 3 Dall. 306, 1 L.Ed. 613 (1796), and "[s]tatutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar [legal] principles," *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (internal quotation marks and ellipsis omitted). We consequently will not deviate from the American Rule " 'absent explicit statutory authority.' " *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting *Key Tronic Corp. v. United States,* 511 U.S. 809, 814, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994)).

*Baker Botts*, 135 S.Ct at 2164.

## B

Federal Rule of Civil Procedure 11 allows a court to award attorney's fees as a sanction for certain misconduct during litigation by a party or its counsel, so long as those fees "directly result[ed] from the violation." Fed. R. Civ. P. 11(c)(4). The Defendants here assert they are entitled to *all* their attorney fees as a sanction because 1) the complaint was filed to "harass" the Defendants into "financial ruin;" 2) the complaint was filed to cause unnecessary delay and needlessly

increase the cost of litigation; and 3) the Plaintiffs' factual contentions had no evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

As is obvious from the Defendants' arguments, they seek sanctions related to the filing of the complaint in this case, and all of the facts they aver in support of their motion are facts known to them at the time the Plaintiffs filed their complaint. Now, over two years after the filing of the initial complaint in this case and this Court's ruling on several motions to dismiss and motions for summary judgment, they seek Rule 11 sanctions related to the filing of that complaint. Even assuming their factual assertions are true, the request for sanctions is untimely.

Specifically, Rule 11(c)(2) provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This is Rule 11's "safe harbor" rule, which allows a party to avoid Rule 11 sanctions by giving the party an opportunity to withdraw or correct the offending document. *See Smith v. CB Commercial Real Estate Group, Inc.*, 947 F. Supp. 1282, 1284 (S.D. Ind. 1996).

Moreover, parties must request Rule 11 sanctions "as soon as practicable after discovery of a Rule 11 violation." *Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992). At no time prior to the filing of the motion before the Court did the Defendants provide notice to the Plaintiffs of their intent to seek Rule 11 sanctions related to the filing of the complaint in this case. Thus, this case is unlike *In re Dairy Farmers of American, Inc.*, 80 F. Supp. 3d 838, 843 (N.D. Ill. 2015), where the defendants sought Rule 11 sanctions two-and-a-half years after the filing of the complaint, but the defendants provided the plaintiffs with notice via letter of its intent to seek sanctions two weeks after the filing of the complaint. *See also Matrix*

3

*IV, Inc. v. Am. Nat'l Bank & Trust Co.,*, 649 F.3d 539, 552 (7th Cir. 2011). Unlike the plaintiffs in *Dairy Farmers* who had notice within Rule 11's 21-day "safe harbor" provision, and thus had an opportunity to voluntarily dismiss or correct the complaint to avoid sanctions, the plaintiffs here had no such notice and opportunity. This case is therefore analogous to the situation in *Smith*, where the court found the defendant's motion for Rule 11 sanctions untimely because the defendant filed the motion more than a year after the complaint had been filed and after the court had ruled on its motion for summary judgment. As the court stated in *Smith*,

> This delay prevented Plaintiff from taking advantage of a safe-harbor provision of Rule 11 that prohibits a party from filing a sanctions motion if, within 21 days after the motion is served on the offending party, that party withdraws or appropriately corrects the challenged pleading. Fed. R. Civ. P. 11(c)(1)(A).

*Smith*, 947 F. Supp. at 1285. The same is true here, and the motion for Rule 11 is therefore untimely.

The Defendants make a feeble attempt to avoid this result by directing the Court to discussions regarding Rule 11 among the parties which, at earliest, began on March 4, 2016. The Plaintiffs filed the initial complaint in this case on October 6, 2015, almost five months before those communications. Those communications therefore cannot serve as adequate notice for purposes of the 21-day safe harbor provision. This is especially so where, as already noted, the factual bases precipitating the Defendants' motion for sanctions were all known to them at the time the complaint was filed and not facts discovered during the course of this case's litigation.

C

The Defendants next argue that they are entitled to attorneys' fees pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. The

4

PSLRA provides that upon final adjudication of action covered by the Act, "the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). Should the court find a violation of Rule 11, it "shall impose sanctions . . ." 15 U.S.C. § 78u-4(c)(2). Moreover, there is a presumption that an appropriate sanction for a Rule 11 violation related to the filing of the complaint is "an award to the opposing party of the reasonable attorney's fees and other expenses incurred in the action. 15 U.S.C. § 78u-4(c)(3)(A).[2]

Given the mandatory nature of the inquiry contained within the Act, courts have held that the "safe harbor" provision contained within Rule 11 is inapplicable. *See CMB Worldwide, Inc. v. Glaser*, 92 F. Supp. 3d 839, 844 (S.D. Ind. 2015) ("The safe harbor provision does not apply to the court's Rule 11 analysis, as the PSLRA *mandates* a Rule 11 finding."). Thus, although the Court found, *supra*, that the Defendants' "stand alone" claim for sanctions under Rule 11 is untimely, the same cannot be said for its claim for sanctions under the PSLRA. Indeed, this Court arguably erred by not independently evaluating the conduct of "each party and each attorney" in the case—both Plaintiffs and Defendants. 15 U.S.C. § 78u-4(c)(1). Accordingly, the Court will use the opportunity of the Defendants' motion to make the appropriate findings now.

---

[2] Although the Seventh Circuit intimated in a parenthetical in *Higginbotham v. Baxter Intern., Inc.*, 495 F.3d 753, 756 (7th Cir. 2007) that the PSLRA "applies only to 'a suit that is brought as a plaintiff class action,'" at least two district courts have concluded that section (c) of the Act is not limited to class actions. *See CMB Worldwide, Inc. v. Glaser*, 92 F. Supp. 3d 839, 844 (S.D. Ind. 2015); *ABN AMRO, Inc. v. Capital Intern. Ltd.*, 595 F. Supp. 2d 805, n. 8 (concluding that *Higginbotham*'s parenthetical is limited to section (a) of the PSLRA). While this Court is not entirely convinced that the Seventh Circuit's parenthetical in *Higginbotham* can or should be read so narrowly, it assumes for purposes of this Order that the PSLRA does in fact apply to this action.

Regarding the conduct of the Plaintiffs and their counsel, the Court finds nothing in their conduct which would require sanctions under Rule 11(b) and the PSLRA. Although the Defendants make several allegations regarding the Plaintiffs conduct prior to the initiation of this litigation and their conduct with third parties after the litigation was commenced, there is nothing about their conduct before this Court or the filings they have made with it which fall within any of the situations listed in Rule 11(b).

As previously noted, the various versions of the complaint in this case for the most part survived challenges to motions to dismiss—they cannot be said to be frivolous. Moreover, summary judgment was entered on only two of the eleven counts in the Plaintiffs' complaint. In declining to exercise jurisdiction over the nine state law claims, this Court expressed no opinion on the merits of those claims. There is nothing in this record, where discovery was not even complete on some of those counts, to support a conclusion that Plaintiffs' counsel did not at least have a good faith basis after reasonable inquiry to file them.

Regarding the two counts on which this Court granted summary judgment, there is no reason to believe, again, that the Plaintiffs did not have a good faith basis to pursue those claims. Although those claims ultimately failed because this Court concluded that David Bielfeldt is deemed to have consented to Lee Graves' issuance of stock to himself under the Stock Restriction Agreement, this conclusion was far from one that was foregone. Indeed, the Defendants only filed a motion for summary judgment on those counts *after this Court invited them to do so*. Without the Court's invitation to the Defendants to file a motion for summary judgment on those counts, both of those counts and most of the state law counts would *still* be pending.

In other words, there is nothing about this case, the conduct of the Plaintiffs, or their counsel that take the case out of the ordinary, hotly contested mine run of

cases. There is no reason to impose sanctions against the Plaintiffs or their counsel under the PSLRA.

For the sake of completeness under the requirements of the PSLRA, the Court also concludes that there is nothing to support sanctions against the Defendants or their counsel either. Specifically, the Court's review of their filings in this case demonstrate that their conduct was appropriate and not in violation of any of the provisions of Rule 11(b).

### D

Finally, the Defendants argue that they are entitled to attorney's fees under 28 U.S.C. § 1927. That statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Rule 11 and section 1927 overlap in their prohibition of conduct which is intended to impede and multiply the proceedings, spurning any attempt to seek a resolution of meritorious claims. The purpose of both Rule 11 and section 1927 is to deter frivolous litigation and abusive practices by attorneys, *see Fred A. Smith Lumber Co. v. Edidin,* 845 F.2d 750, 752 (7th Cir.1988), and to ensure that those who create unnecessary costs also bear them." *Kapco Mfg. Co. v. C & O Enterprises, Inc,* 886 F.2d 1485, 1491 (7th Cir. 1989) *citing In re TCI,* 769 F.2d 441, 446 (7th Cir.1985). Because this Court has already found that sanctions are inappropriate under Rule 11 as incorporated by the PSLRA, this Court for the same reasons finds that sanctions under this statute are inappropriate as well. Plaintiffs' counsel's conduct in this case was well within the bounds of acceptable practice and zealous representation of their clients' interests.

7

## III

For the reasons stated, *supra*, the motion for attorneys' fees (D. 141) is DENIED. In light of this denial, the motion to strike (D. 167) is MOOT.

*It is so ordered.*

Entered on January 19, 2018

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE